Wilson, P. J.
In 1890, defendant Moiser executed his promissory note for $5,000, payable five years after date, and contemporaneous therewith, a deed of trust upon certain real property in the city of Denver, to secure payment of the note. In 1897, the deed of trust was foreclosed by sale, and the plaintiff, who was the beneficiary therein, and the owner and holder of the note, became the purchaser for $4,800, being about $700 less than the amount due upon the note. This suit was instituted to recover this deficiency. The facts alleged by defendant in his answer, and relied upon by him as defense, are, substantially, that sometime prior to the maturity of the note, he sold and conveyed his equity in the property to one Dunbar, for the sum of $4,500, subject to the deed of trust, the purchaser assuming the indebtedness secured thereby ; that for a considerable time thereafter, Dunbar paid interest on the debt to the plaintiff, and that his assumption of the debt was recognized by the plaintiff; that about a year after the maturity of the note, at the solicitation of Dunbar, plaintiff granted an extension of the time of payment for the- period *455 of one year. The extension agreement was in writing, and was signed by the parties, as well as by this defendant. The entire agreement is not before us, but that portion of it which bears upon the defense in this action is in the record, and reads as follows:
“ That said Mosier hereby consents to said extension, and such extension shall hot in anyway discharge or impair his liability as maker of said promissory note.”
Defendant further alleged that contemporaneous with this extension agreement, he.had a further agreement by parol with the authorized agent of plaintiff who granted the extension of time of payment, and who represented plaintiff in the execution of the agreement therefore to the effect that in case Dunbar defaulted in the payment of the note at the time of its maturity, or in case the plaintiff elected to foreclose the deed of trust, that the defendant should have notice thereof so as to protect himself; and that it was upon the express condition of this parol agreement, that defendant consented to the extension of time of payment of the note and signed the agreement therefor. Defendant further alleged that the property was sold under the deed of trust without any notice of such intended sale, or of Dunbar’s default, having been given to him, and without his having any knowledge of such facts.
At the trial, the defendant, upon whom the court held that under the pleadings the burden of proof rested, tendered evidence in support of the averments of his answer with reference to the parol agreement. To this objection was made by the plaintiff on the ground that the extension agreement was in writing, and that the testimony offered by defendant was not admissible, because it was an attempt to vary and alter the terms of the written extension agreement by parol 'testimony. The objection was sustained by the court. Defendant then tendered testimony tending strongly to impeach the bonafides of the sale. This testimony was objected to on the ground that there was no sufficient averment in defendant’s answer of misconduct or fraud upon the part of the trustee or of the *456 beneficiary in the trust deed, upon which to predicate the introduction of any such testimony. This objection was also sustained, and thereupon the jury, being instructed so to do by the court, returned a verdict in favor of plaintiff for the full amount of the deficiency claimed, and judgment was rendered accordingly.
In excluding the testimony offered by defendant with reference to the parol agreement, we think the court erred. The case comes clearly within the rule announced in Brewing Co. v. Barets, 9 Colo. App. 341. In that, Judge Bissell, speaking for the majority of the court, said the general rule that written contracts could neither be contradicted, varied or altered by proof of an oral contemporaneous agreement was “not regarded as at all infringed by proof of a contemporaneous parol agreement, provided this proof be accompanied by satisfactory evidence that the written instrument was either never delivered, or delivered on a condition which had not been performed; or delivered under circumstances which show that the paper, if it be of a commercial character, was never intended to be the promissory note of the party who executed it. The distinction has been thoroughly recognized, and may be regarded as well established in this country.” This doctrine has also been recognized and approved by our supreme court. Bourke v. Van Keuren, 20 Colo. 99.
In this case, the defendant alleged in his answer that the written agreement of extension was signed and delivered by him upon the express condition evidenced by the contemporaneous parol agreement, that he should receive notice if default was made in the payment of the note, or for any reason a sale was contemplated under the deed of trust, so that he could protect himself. The alleged parol agreement was a separate and independent promise to be performed before the power in the trust deed was to be exercised. Upon the faith of this promise, too, if the allegations of the answer be true, the defendant was induced to change his position. If plaintiff had recognized, accepted and acted upon the assumption by Dunbar of the debt evidenced by the note and deed *457 of trust, as charged, it might have been sufficient to have raised the legal presumption that plaintiff had agreed to look to Dunbar as the principal debtor, and the obligations and duties of defendant as the maker of the note would have been to some extent changed. In such case there would have arisen an equity in favor of defendant, which the courts have described as bearing a close resemblance to the equitable rights of a surety. Murray v. Marshall, 94 N. Y. 616. Whatever these equitable rights were, however, the defendant waived them by signing the extension agreement, which expressly provided that his obligations as maker of the note and a principal debtor, should continue. If he was induced to do this by reason of the parol agreement, it would serve to demonstrate still further that this parol agreement was a separate and independent agreement containing a condition upon which the extension agreement was executed and delivered.
The court was in our opinion correct in excluding the testimony offered by defendant tending to impeach the bona Jides of the sale. The averments of the answer were manifestly insufficient to justify the admission of such testimony. The answer did not charge any fraud or misconduct, nor any acts of the beneficiaries in the deed of trust, violative of any duties incumbent upon them, even though the evidence offered may have strongly tended to prove such facts.
The court having excluded all testimony tending to show the existence of the parol agreement, the question does not ' arise as to the character and weight of evidence necessary to have established it.
For the reasons given, the judgment will be reversed, and the cause remanded for further trial, with directions to the court to allow either party to amend his. pleadings, if he so desires.

Reversed.