[No: 6022.]

UNITED STATES HOME COMPANY ET AL. v. O'CONNOR.

1. **Deceit**—The officers of the defendant corporation represented to plaintiff that a loan which she desired within a time specified, could be obtained only by the purchase of certain contracts; that these contracts had already been sold by the corporation to third parties; and could be obtained only by paying a bonus. Plaintiff, relying upon these representations, purchased the contracts, paying the bonus demanded, and afterwards paying to the corporation the installments maturing thereon. In fact, the contracts had never been sold, but were still owned by the corporation, and the bonus obtained was converted by the officials to their own use. Held, that plaintiff was entitled to an

action, for the deceit, against the corporation and the officials. And, the plaintiff never having obtained the loan promised and it appearing that no arrangement had been arrived at by which she could obtain the loan, that she relied upon the representations made to her, as to this matter, and that they were all false, she was held entitled to recover in the same action all payments which she had made to the corporation on account of the contracts.—(357, 358)

**2. Damages — Assessment Upon Conflicting Evidence** will not be disturbed where there is evidence sufficient to sustain it. —(359)

**3. New Trials—Successive Verdicts —** Where two trials at nisi prius have been attended by the same result, the court is reluctant to disturb the last verdict.—(359)

*Appeal from Denver County Court* — Hon. Charles McCall, Judge.

Mr. M. H. Kennedy, for appellant.

Mr. Warwick M. Downing, and Mr. Douglas A. Roller, for appellee.

Mr. Justice Hill delivered the opinion of the court:

This action was brought by the appellee before a justice of the peace; judgment was entered in her favor. The defendants appealed to the county court, where a trial to the court resulted in a judgment in her favor in the sum of $270.00 and costs, from which the defendants appeal.

The principal assignments of error are, that the findings of the court and judgment were contrary to the law and the evidence. There are no written pleadings and the facts must be obtained from the testimony, from which it appears, that through the representations of Miss Duncan (who was the secretary) followed by those of J. C. Feitshans (who was the president of the appellant, the United States Home Company), appellee paid to appellants money for certain certificates of stock in said company. It

appears the company was selling such stock under some kind of a device or scheme whereby it was represented it would insure the maturity of such certificates at certain times, and upon which the holders could secure, in advance of that period, loans from the company thereon, with the result that owners of other certificates would probably not receive anything at any time. This suit was brought to recover the money paid, with interest, for the reason that the same was secured through the false and fraudulent representations of the officials of the company as to the facts as they then existed, etc., etc., concerning which the appellee was ignorant, etc., and of which fact the officers of the company were fully advised at the time the representations were made.

It is earnestly urged by counsel for appellants that the court erred: first, in denying defendants' motion for a nonsuit, also thereafter in its findings of facts and the rendition of judgment thereon, for the reason that it had not been shown that there had been any deceit or fraud practiced upon the plaintiff by way of false representations as to present existing or past facts; second, that the representations the plaintiff relied upon were made, if at all, to matters in *futuro;* third, that the representations, if any, made by Mr. Feitshans and Miss Duncan were not material representations and were not relied upon by the plaintiff; fourth, that it had not been shown that plaintiff had suffered any injury by their representations, and concerning which it is claimed that the cases of *Farris v. Strong,* 24 Colo. 107, and *Adams v. Schiffer,* 11 Colo. 15, are decisive on the propositions that false representations must be made with reference to present existing, or past facts before fraud can be predicated of them.

We do not think the judgment is in conflict with the principles announced in the foregoing authorities,

if the evidence of the appellee is to be accepted as true. From her evidence it appears that the officers of the company solicited her to purchase certain contracts upon which she was to pay so much per month until she had received a loan from the company which she was to pay back to them at the rate of $7.50 per month, for each $1,000.00 so loaned; that she could buy from them contracts 30, 31 and 32, which were then the lowest numbers not sold, but upon which she could not get her loan within the six months' time, and when it was necessary for her to have it; that the appellants, Feitshans and Duncan, represented to her that contracts numbers 5, 6 and 7 had been bought by other persons, who did not need the loans right away, and that if appellee would pay a bonus of $50.00 to these persons, appellants would get for her these earlier numbered contracts; that sufficient contracts had then been sold so that by the purchase of the earlier numbered contracts it would insure her the loan, then agreed upon, within six months; that it was the agreement that if she paid them the $50.00 bonus, which was thereafter reduced to $42.50, she would secure the loan of $3,000.00 within the six months; that the securing of the contracts themselves was the method necessary whereby the money would be loaned; that, relying upon these representations, of which the true facts were unknown to her, she accepted this agreement, paid the $42.50 prior to the issuance of these certificates to her, and after their delivery, not understanding them, she continued to make the payments upon them as therein called for to the extent of $180.00. At the trial it was admitted by the defendants that these contracts 5, 6 and 7 had not been sold to other persons; that they were then held by the company; that no outside person received or was to receive the $42.50 paid as a bonus for them, but that the same was retained by the two defendants,

president and secretary of the company, as a commission for making the sale to the plaintiff, clearly establishing the false and fraudulent representations of the conditions then existing as to who owned these three certificates and the reasons why a bonus would have to be paid for them, saying nothing concerning the device, scheme or plan then in existence upon which loans were promised, which it is not necessary to pass upon, as the above representations made come clearly within the condemnation of the law as announced in the cases relied upon by the appellants.

The evidence further shows, that the plaintiff, although continuing to make her payments upon these contracts as therein provided for, did not get her loan within the six months' period, or at all; that there was no arrangement then in existence nor were sufficient certificates then sold, if all payments were continued thereon, whereby she could have secured her loan within the six months, as represented by the appellants.

The amount of the judgment was $270.00. It appears the appellee had paid to the appellants the sum of $180.00 upon the certificates, together with the sum of $42.50 bonus; to add the legal rate of interest upon these respective sums from the date of their payment to the date of the rendition of judgment, would, with the payments, equal the amount of the judgment, so that in case the action was for moneys had and received, together with the legal interest thereon, or for a rescission of the contract, the amount is within the rules. In case it is an action founded on tort, as is claimed by the appellants, their contention that the appellee secured her loan elsewhere, and thereby no damages were shown to exist, is not tenable. While the evidence upon this fact is meager, it would follow as a matter of course, that upon a breach of contract for the furnishing of a loan,

whereby a person was compelled to secure it else-where, that some slight damages, such as the payment of commission, the aid of an agent, or other matters which usually enter into such transactions, would, of necessity, accrue to the injured party. The amount in this case was a matter for the trial court to deter-mine, and there is evidence upon which its judgment can be based. No objection having been made at the trial as to the consolidation of the causes of action, to the introduction of evidence concerning them, or to require the plaintiff to elect, these questions will not be discussed or considered here. The result of two *nisi prius* trials having been in favor of the ap-pellee, we do not think the last should be disturbed.

The judgment is affirmed. ·          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.