[No. 7911]

## NORMAN v. McCARTHY.

EVIDENCE—*Parol Admissible*—In an action upon a check by payee against drawer, the defendant may, under Rev. Stat. sec. 4479, show by parol that the check was delivered upon a condition which had not been performed and has become impossible of performance. The evidence has not the effect to contradict or vary the terms of a writing, but merely to show the want of an element essential to its character as a contract, to-wit, unconditional delivery.

*Error to Cheyenne District Court.*—Hon. J. W. SHEAFOR, Judge.

Mr. A. E. BOWE, for plaintiff in error.

Mr. VIGGO H. JOHNSON, for defendant in error.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

In the court below, the plaintiff in error filed a complaint against the defendant in error to recover on a check drawn by the latter in favor of the former. The answer

admitted the check, but denied that it had been given for value, and for a further answer it was alleged that the defendant McCarthy was the owner of certain household property; that the plaintiff Norman served a writ of attachment running against another party in a suit that had been commenced before a justice of the peace, and took possession of the said property of McCarthy by virtue of the writ; that McCarthy thereupon sought to regain possession of his property, and gave the check to Norman, the sheriff, in lieu of a bond, to become payable in case, in the trial of the right of property, judgment should be rendered against the defendant McCarthy, as intervenor; that the property was thereupon released by the plaintiff Norman, and in effect it was alleged that the plaintiff in the attachment suit failed to sustain the attachment. In his reply Norman alleged that the check was given as payment of the debt due from the defendant in the attachment suit. The lower court, after hearing the testimony, directed a verdict in favor of the defendant McCarthy, and it is sought to review this action of the court by this writ of error.

In the brief of plaintiff in error, it is said:

"There are nine assignments of error in the abstract, but they may all be discussed under the general proposition that there was no defense alleged in the answer of the defendant. The only defense attempted to be alleged therein is a parol agreement between the plaintiff and defendant, contemporaneous with the execution and delivery of the check, to the effect that the check was in no case to be, or be considered, a check, but was given and received in lieu of an intervenor's bond, to become payable only if, in case of a trial of right of property, judgment should be rendered against the defendant as intervenor. That is to say, the check was never to be paid, except upon a possible contingency."

He then proceeds to argue that the effect of a negotiable instrument cannot be changed, altered or modified by parol evidence except in case of fraud or mistake, of which allegation is made in the pleading.

It is not alleged in the answer that the contemporaneous agreement, that the check was delivered to be paid only upon a possible contingency, was a parol agreement. There is nothing in the answer to show that it was either written or verbal, and the allegation would be sustained by proof of either. So that apparently the real contention of the plaintiff in error, in view of our statutes, is a demurrer to the evidence of the contemporaneous agreement, more than to the defense alleged in the further answer. The evidence is practically omitted from the abstract, but enough appears therein and from the admissions in the briefs to show that the condition upon which the check was delivered rested wholly on a verbal agreement, and that the court admitted parol testimony at the trial to prove that agreement. Plaintiff in error asserts that the check was a negotiable instrument under section 4464 Rev. Stat. (which is sec. 1 of our negotiable instrument act), and it must be admitted that it conformed to all the requirements set forth in that section in order that an instrument be negotiable. Section 4648 Rev. Stat. says that a check is a "bill of exchange drawn on a bank, payable on demand," and makes the provisions of the negotiable instrument act, applicable to a bill of exchange payable on demand, apply to a check. Every bill of exchange possessing the requirements of section 4464 is a negotiable instrument and as this check possessed those requirements it was such an instrument. Section 4479 is as follows:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between im-

mediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

It appears from this section that the contract expressed on the instrument is incomplete, that is, it is not entered into, until the instrument is delivered for the purpose of giving effect thereto. Delivery of the instrument is an essential element to complete the contract written thereon and of necessity this essential element cannot appear on the face of the instrument. As between the immediate parties, the delivery may be shown to have been conditional, and if that is shown the delivery is not made until the fulfillment of the condition or the happening of the contingency upon which the delivery is to become absolute. If in the course of events it transpires that that condition or contingency cannot happen, then there has been no delivery and the apparent contract expressed on the face of the instrument was not entered into; in fact, was not a contract. Under the statute, as long as the instrument remains in the possession of a person whose signature appears thereon, as, for instance, in the possession of the maker or drawer, there is no presumption of delivery from that person. When, however, the instrument is no longer in the possession of a party whose signature appears thereon, a delivery from the per-

sons whose signatures do appear thereon is presumed until the contrary appears. When the instrument is in the possession of a holder, in due course, as such holder is defined in the act, that presumption becomes conclusive.

Now the action on the check in the present instance was between the immediate parties, the payee and the drawer, and the further answer alleged that the check was delivered to the payee upon the condition that it was to be paid only in the event that it was determined that the drawer was not entitled to hold the property as against the attachment, which property he kept in his possession. And it was further alleged in effect that the course of events in the attachment suit was such that the drawer was entitled to retain the property, and that the condition upon which the delivery of the check was to become absolute was not fulfilled, and could not be. This conditional delivery alleged was certainly, within the contemplation of the statute, one which may be shown as between immediate parties, and the further allegations showed that the delivery required by the statute to complete the contract expressed on the check was never made, and on that account the check was not a completed contract. The further answer, therefore, was sufficient to constitute a defense. The parol testimony admitted did not contradict or vary the terms of a written contract. It merely showed the want of an element, to-wit, delivery essential to make the writing a contract. To illustrate— a man may make, sign and acknowledge an instrument in form a complete deed to real estate and lay it in his desk, thinking that he may deliver it to the grantee on the morrow. During the night, he may conclude that he will not make the deed, and on going to his desk in the morning he finds that the deed had been stolen. It was not a deed, for one essential element to make it such was lacking, namely, delivery. In an action to set aside the apparent deed it could not be said that parol testimony as to the

facts would contradict or vary a deed or contract. It would merely show that what appeared to be a deed was in fact not one for the want of an essential element, which could not appear on the face of the deed. The apparent contract written on a check is not a complete contract until the delivery thereof is or becomes unconditional.

In some cases, this delivery is conclusively presumed and in others it is presumed until the contrary appears. The presumption, of course, is evidence of delivery. As between immediate parties, this presumption may be overcome by showing that the delivery was conditional, and when that is shown the apparent contract written on the check is shown not to be a completed contract, but one which will be completed if the condition is fulfilled, and which cannot be completed if the condition becomes impossible of fulfillment. Testimony which shows a conditional delivery of a check does not contradict or vary the terms of a written contract, for the check is not a contract until the delivery is unconditional as the statute requires. Such testimony merely shows that the essential element of delivery is lacking—an element that could not appear on the check and which can appear only from evidence outside of the check, either by presumption or actual testimony.

There is nothing in the negotiable instrument act, nor in our statute of frauds, that requires a contract of conditional delivery to be in writing. This being so, it of course may rest in parol. As the statute provides that such a delivery may be shown in certain instances, if the contract for it rests in parol, it can be shown only by parol testimony. Thus it is seen that the rule that a written contract cannot be changed by parol testimony is not applicable in the present case. The defendant in error asserts that there had been an entire failure of consideration for the check, and that the parol testimony

was admissible to show that fact. He cites a line of authorities to the effect that a failure of consideration may be shown by parol in order to defeat a contract. Those authorities are based upon the proposition that without a consideration an apparent contract is not a contract. It is not necessary to go into that. It is enough to show that under our statute the check was not a completed contract for want of a sufficient delivery. The judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.

Decided December 1st, A. D. 1913. Rehearing denied January 12th, A. D. 1914.