[No. 7816.]

## Sayre v. Leonard.

Promissory Note—*Parol Condition.* Promissory note delivered upon a parol condition that it shall be without effect in a certain event. The event specified occurs. Under Rev. Stat. § 4479 no action lies thereon by payee against maker. (119)

*Error to Gilpin District Court.*—Hon. Charles Mc-Call, Judge.

Mr. L. J. Williams, for plaintiff in error.

Mr. Harry E. Kelly and Mr. Charles H. Haines, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court:

This action was commenced in the county court of Gilpin County, by plaintiff Sayre, against defendant Leonard, on the following promissory note:

"$530.          Denver, Colorado, Apl. 6, 1910.
Fifteen days after date I promise to pay to the order of Robert H. Sayre Five Hundred Thirty Dollars at the Rocky Mountain National Bank of Central City, Colorado, with interest at six per cent. per year from date until paid.
Value received.     (signed)     S. E. Leonard"
No. 15541
Due 21st day of Apl., 1910.

The defendant admits the execution of the note, and that plaintiff had possession of it at the time the suit was begun; but alleges, as a defense, that the note was delivered to the plaintiff conditionally, and was to become binding only upon the happening of a certain possible future event, which did not occur, and that consequently the note never in fact became effective. The con-

dition which it is claimed was attached to the note was that if one Wingo, a silent owner with Leonard in a certain leasing partnership, in which Sayre also had an interest, should repudiate a transfer of their holdings therein, which Leonard undertook to make to Sayre without consulting Wingo, then the note should become obligatory as representing Leonard's share of the expense of operating the lease, but that if Wingo should ratify and approve the transfer, then the note should be cancelled and returned. It is further alleged that Wingo did in fact ratify and approve the transfer before the note matured; that defendant notified Sayre of that fact; and that the note should thereupon have been returned for cancellation as a void instrument; but that Sayre, in violation of the agreement, thereafter took advantage of his possession of the instrument and brought suit to enforce it. A motion to strike portions of the amended answer, directed against the allegations of conditional delivery, was interposed and overruled. Issue was thereupon joined on that defense. Plaintiff recovered judgment in the county court. Defendant appealed the cause to the district court, where it was tried to a jury, which disagreed, and on stipulation the case was submitted to the court to be decided as though tried before the court without a jury. There the defendant succeeded, and plaintiff brings this writ of error to review the judgment of the district court.

The contention is that the defendant has not pleaded or proved a conditional delivery good in law. The rule of conditional delivery of commercial paper is generally acknowledged. 7 Cyc. 688, and cases cited; *Westman v. Krumweide*, 30 Minn. 313, 15 N. W. 255; *McFarland v. Sikes*, 54 Conn. 250, 7 Atl. 408, 1 Am. St. Rep. 111; *Benton v. Martin*, 52 N. Y. 570; *Ewell et al. v. Turney*, 39 Wash. 615, 81 Pac. 1047; *Watkins v. Bowers*, 119 Mass. 383. Moreover, section 16 of the negotiable instrument law, (§ 4479 R. S. 1908) contains a specific provision on conditional delivery in the following language:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

In a recent case decided by this court, *Norman v. McCarthy,* 56 Colo. 290, 138 Pac., page 28, we had under consideration a question closely analagous to the present one, involving the conditional delivery of a check, and upon that proposition, among other things, this was said:

"Now the action on the check in the present instance was between the immediate parties, the payee and drawer, and the further answer alleged that the check was delivered to the payee upon the condition that it was to be paid only in the event that it was determined that the drawer was not entitled to hold the property as against the attachment, which property he kept in his possession. And it was further alleged in effect that the course of events in the attachment suit was such that the drawer was entitled to retain the property, and that the condition upon which the delivery of the check was to become absolute was not fulfilled and could not be. This conditional delivery alleged was certainly within the contemplation of the statute, one which may be shown as between immediate parties, and the further allegations showed that the delivery required by the statute to complete the contract expressed on the

check was never made, and on that account the check was not a completed contract. The further answer, therefore, was sufficient to constitute a defense.''

So here, the action on the note is between the immediate parties, the payee and drawer, and the further answer alleges that the note was delivered upon condition that it was to become effective only if Wingo declined to ratify the transfer of his interest in the leasing partnership, which Leonard had undertaken to make to Sayre. The sole matter then is whether the delivery of the note was attended by a condition which if fulfilled would defeat its enforcement. That the allegations of the further answer, if established by competent proof, constituted a complete defense, such as the statute contemplates, seems certain. Whether the note was so conditionally delivered became purely a question of fact. There was abundant testimony to support the allegations of this defense, and although there was contrary evidence, the specific finding of the court that such was the character of the delivery is controlling upon review.

In the foregoing view of the case it becomes unnecessary to consider the error assigned on the overruling by the county court of the motion to strike portions of the amended answer, if that is properly here. The district court not having passed specifically on such motion, the question raised is whether that assignment may be properly presented on the record before us from that court. This motion went to the vital allegations of conditional delivery, and inasmuch as upon the whole record we hold that a good defense was pleaded and proved, that matter need not be more particularly noticed.

*The judgment is affirmed.*

Chief Justice Musser and Mr. Justice White concur.