Cunningham, P. J.
Defendant in error, hereinafter referred to as “plaintiff,” brought its action on a promissory note, and had judgment. Plaintiff in error, hereinafter referred to as the “defendant,” attempted to defend upon two principal grounds: First, failure of consideration; second, a conditional deliv *369 ery of the note. By sustaining demurrers to the various answers filed by defendant, and, finally, on the trial, to his offer of proof, these defenses were both practically denied the defendant, and therein we are persuaded the trial court committed reversible error.
Briefly stated, the salient, undisputed facts in the case are substantially as follows: Defendant purchased stock in the plaintiff corporation and executed and delivered to its representative a promissory note, the face of which equaled th'e amount the defendant was to pay for the stock. When the note, by its terms, "had matured, defendant refused to pay same, and this suit'was brought, with the result already stated. The certificate representing the stock, by the terms of a collateral written agreement between the parties, was never delivered to defendant, the same being held by plaintiff as security for the payment of the note, and the plaintiff, in its complaint, offering to deliver to defendant the stock upon demand.
1. On the trial plaintiff offered the note and rested. Thereupon the defendant offered to prove, among other things, that he had been induced to purchase the stock solely upon the representation that the company then being organized would be strictly a mutual affair. That is to say, it would limit its operations entirely to the shipment of fruit grown by its own stockholders, and in this connection defendant offered to prove that it was represented to him by the promoters of the corporation, before incorporation, and its officers and agents thereafter, that he could only avail himself of the opportunity of shipping his fruit through the corporation by becoming a shareholder therein. Other proof of this character was offered. Defendant also offered to prove that he soon discovered the falsity of these representations. That is to say, that the company shipped fruit for those who were not stockholders as well as for those who were. In other words, defendant offered to prove that the corporation engaged in a general commission busi *370 ness. Further proof was offered by defendant tending to show that the plaintiff repeatedly refused to ship his fruit, and finally conceded its inability to handle same. Thereupon the defendant promptly rescinded the agreement to purchase the stock, and so notified plaintiff. All the proof thus offered by the defendant, notwithstanding it tended to support apt averments contained in the answer, was objected to by the plaintiff and refused by the court.
We think the proof thus offered and refused was proper under the rule laid down in Zang v. Adams, 23 Colo., 408, 48 Pac., 509, 58 Am. St. Rep., 249; United States Home Co. v. O’Connor, 48 Colo., 354, 110 Pac., 74; Cook on Corporations (6th Ed.), sec. 194; Thompson on Corporations (2nd Ed.), vol. 1, secs. 779, 780 and 781. And if the same had been admitted by the court, and in no way controverted by the plaintiff, it would have constituted a complete defense to the payment of the note in the hands of the original payee.
2. In support of his second defense, namely, the conditional delivery of the note, defendant offered to prove that, at the suggestion of the plaintiff, he executed and delivered the note for the sole purpose of enabling the plaintiff to pledge the same with a bank as collateral security for money which the company had borrowed in order to enable it to transact the business for which it was organized until such time as it would come into possession of ample funds of its own. He further offered to prove that the note had been so pledged, but that the corporation had paid its obligations to the bank and had come again into possession of the note. This proof was also supported by proper allegations in the answer. This offer of proof was rejected, apparently, upon the theory that it violated the rule ¿gainst the admission of parol evidence to contradict or alter the terms of a written agreement.
Section 16 of our Negotiable Instrument Act, the same being section 4479, R. S. 1908 (section 5066, M. A, S. 1912), *371 permits the payor of a note to show that he delivered the same conditionally, or for a special purpose only, and not for the purpose of transferring the property in the instrument, where the note, as in this case, is in the hands of the original payee, who brings suit on the same.
Our courts have frequently ruled that oral testimony is admissible to show the condition upon which the written agreement was to become effective, if at all. Norman v. McCarthy, 56 Colo., 290, 138 Pac., 28; Sayre v. Leonard, 57 Colo., 116, 140 Pac., 196; Brewing Co. v. Barets, 9 Colo. App., 341, 48 Pac., 834; Mosier v. Kershow, 16 Colo. App., 453, 66 Pac., 449; Bourke v. Van Keuren, 20 Colo., 95, 36 Pac., 882; Hurlburt v. Dusenbery, 26 Colo., 240, 57 Pac., 860; Roberts v. Greig, 15 Colo. App., 378, 62 Pac., 574. The following additional authorities support the rule followed by our own courts in the cases last above cited: I Enc. of Law (2nd Ed.), p. 343; 21 Enc. of Law (2nd Ed.), p. 1111; Street Ry. Adv. Co. v. Metropole Shoe Mfg. Co., 91 Md., 61, 46 Atl., 513; Smith v. Dotterweich, 200 N. Y., 299, 93 N. E., 985, 33 L. R. A. (N. S.), 892; Burke v. Dulaney, 153 U. S., 228, 14 Sup. Ct., 816, 38 L. Ed., 698. Burke v. Dulaney has become a leading case in this country, and has been cited with approval repeatedly by our Supreme Court and the former Court of Appeals. See, also, George v. Williams (No. 4180), 149 Pac., 837, just handed down by us, wherein Judge Hurlbut has cited and quoted at length from several very strong opinions.
Much reliance is placed by defendant in error upon the case of Cooper v. German Nat. Bank, 9 Colo. App., 169, 47 Pac., 1041. If there is any announcement in the. opinion in the Cooper case necessary to a decision of the questions involved therein, in conflict with the conclusion we, have reached in this case, namely, that the trial court erred in excluding the testimony offered to establish the purpose for which the note here sued upon was delivered, it must be clear that the opinion in the Cooper case has been modified *372 by later opinions in the same court, and by numerous opinions by our Supreme Court.
As we read the statement of facts in the Cooper case, the announcement of the court upon the question here under consideration was not necessary to a decision of the questions then before the court, and the same observation applies, we think, to the opinion in Welles v. Colo. Nat. Life Assur. Co., 49 Colo., 508, 113 Pac., 524. Both the Welles and the Cooper cases involved questions of pleading and practice, and it was not, as we read the opinions in those cases, necessary to determine, or even consider, the question of the admissibility of a parol agreement for the purpose of varying or effecting a written contract.
In the Welles case it was alleged, concerning the note there sued upon:
“That before its maturity -it was. duly indorsed and delivered to the plaintiff who became, and now is, the owner and holder thereof; that no part of said note has been paid; that there is due thereon from the defendant to plaintiff a certain amount, with interest,” etc.
It appears from the opinion that the answer to the foregoing allegations was, by the trial court, held bad on demurrer, and, the defendant electing to stand upon his answer, judgment was rendered against him. The Supreme Court found that the answer was fatally defective, and upheld the ruling of the trial court. Hence, it will be seen, from the pleadings in the Welles case, there was no denial that the note sued upon had been duly indorsed and delivered to the plaintiff before maturity, and the same had not been paid. That is, there was no proper denial of these allegations. Furthermore, the Colorado cases cited in support of the announcement made in the Welles case, pertaining to the question here under consideration, were of a date prior to the adoption of our Negotiable Instrument Act.
*373 In the Cooper case, immediately preceding the announcement with reference to oral agreements, appears the following:
“The effect of the so-called ‘second defense and cross-complaint’ was to impeach and destroy the note. The issues presented and tried were those arising out of an alleged verbal contract made between the defendants at the time of making the note, issues in which the plaintiff was not a party and in which it had no interest and which were no defense to the note against the plaintiff.” (The italics are ours.)
We can add nothing to the lucid argument of Chief Justice Musser in Norman v. McCarthy, supra, and of Justice Bailey in Sayre v. Leonard, supra (both later cases than Welles v. Colorado Nat. Life Assur. Co.), wherein the distinction between an attempt to vary the terms of a written contract and an attempt to deny the delivery of a negotiable instrument as a completed contract is set forth with much clearness.
For the errors to which we have called attention the judgment must be reversed.

Reversed.