## No. 8613.

### DIVINE *v.* GEORGE.

1. EVIDENCE—*Parol admissible,* to explain ambiguities or uncertainties in a writing. Agreement to establish "a store" at a place named. Parol is admissible to establish the representations of the promissor as to the kind of store intended.

2. ADMISSIONS—*Construed.* A corporation to induce a subscription to its capital stock, agreed with the subscriber to establish a store at a certain locality, and return a promissory note given by the subscriber, for his subscription, in case it should fail to perform this engagement. In an action upon the note, the defense being non-performance of this condition, a statement of defendant that the corporation had secured at the place named the use of a building, and had a few canned goods therein, *held* to fall short of an admission of performance of the condition.

3. PLEADINGS—*Estoppel, or Waiver of a Condition,* must be especially pleaded.

4. ESTOPPEL—*Must be pleaded—Exceptions to the rule.* The doctrine of *Gillette v. Young,* 45 Colo. 562, that one who himself produces evidence of the facts raising the estoppel may not object that no estoppel was pleaded, is without application where the evidence so relied upon is given by the party upon cross examination, and not when testifying voluntarily on his own behalf.

5. TRIAL—*Questions for the Jury.* Mere conflicts in the testimony, or that on one side the evidence is clear and definite, and upon the other evasive, indefinite and contradictory, does not justify the withdrawal of the issue from the jury.

*Error to Mesa District Court, Hon. Thomas J. Black, Judge.*

Mr. LUTHER M. GODDARD, Messrs. McMULLIN & STERNBERG and Mr. WILLIAM H. GABBERT, for plaintiff in error.

Mr. L. W. BURGESS and Mr. STRAUD M. LOGAN, for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

THE defendant in error, as trustee under a trust agreement executed by The Union Trading Company (wherein it conveyed its property in trust to secure a loan of $25,-000.00, from certain of its stockholders, with which to compound its debts in bankruptcy), brought this action to recover on an alleged promissory note of plaintiff in error, payable to The Union Trading Company, and by it covered in the trust agreement. The jury were instructed to find for the plaintiff in the amount claimed.

Numerous alleged defenses were plead. The plaintiff's replication admitted certain of these facts, denied others and concluded with an alleged demurrer that the answer failed to state facts sufficient to constitute a defense. The question of an innocent purchaser before maturity is not involved. *Upton v. Tribilcock,* 91 U. S. 45, 23 L. Ed. 203.

The alleged defenses include failure of consideration, fraud and false representations in securing the execution

of the note, no acceptance or delivery of it, per the terms under which it was executed, its execution as an offer to subscribe for stock in The Union Trading Company, no acceptance or approval by its board of directors of this offer, its withdrawal, etc.

The plaintiff in error offered to prove that simultaneously with the execution of the note, the agent of The Union Trading Company (who solicited its execution and to whom it was delivered and as a part of the same transaction) executed by authority of said company and delivered to him a written instrument as follows:

"THE UNION TRADING COMPANY.

Received of Dr. J. H. Divine the sum of One Thousand Dollars in note for Ten shares of Union Trading Company stock, same to be returned to the subscriber if said Company does not establish a store at Palisades, Colo.

This subscription accepted subject to the approval of the Board of Directors.

THE UNION TRADING COMPANY,
By C. T. Rawalt."

In connection with this instrument, he offered to prove that the board of directors of The Union Trading Company never approved this subscription, and that as soon as he learned this he notified its agent of its withdrawal. These offers were rejected. He then offered the same instrument, with proof of its execution, as above stated, and also offered to prove the representations of the agent of The Union Trading Company, and the agreement between him and them upon behalf of the company, as to what kind of a store it intended to and would establish at Palisades, its failure to do so, his notice of the withdrawal of his subscription, his demand for the return of the note, etc. This was all rejected.

The defendant in error contends, that this testimony was all immaterial and constituted no part of any defense, for the reason that the plaintiff in error, when called for cross-

examination under the statute, admitted that The Union Trading Company had started a store at Palisades, and this was all its written contract called for; that for this reason the contract became immaterial as testimony, and constituted no part of any defense and that no oral testimony could be introduced explanatory of it. This appears to have been the position of the trial court. In this it committed prejudicial error. According to Webster, the word "store" has many meanings. Within the meaning of any place where goods are kept for sale, there are many different kinds of stores. This written agreement and receipt which should have been admitted, does not state the kind or extent of the store to be established. The plaintiff in error offered proof on this subject. This also should have been admitted; but eliminating this, we cannot agree that the plaintiff in error admitted that The Union Trading Company had established a real store at Palisades. The substance of his admission is that he knew they had secured the use of a building and had a few canned goods on a shelf in it and that he had asked Mr. Campbell, the man in charge, when they were going to have the stock of goods on hand. This falls far short of an admission that it had, in good faith, established a real store at Palisades, as per the contract, eliminating the question of what kind of a store was to be established. That the note was to be returned in case the store was not established, is admitted. That a defense based on non-compliance, upon the theory of an uncompleted contract in which the essential element of unconditional delivery is lacking is good, is not open to question. *Norman v. McCarthy,* 56 Colo. 290, 138 Pac. 28; *Brewing Co. v. Barets,* 9 Colo. App. 341, 48 Pac. 834; *Roberts v. Greig,* 15 Colo. App. 378, 62 Pac. 574; *Mosier v. Kershow,* 16 Colo. App. 453, 66 Pac. 449; *Bourke v. Van Keuren,* 20 Colo. 95, 36 Pac. 882; *Hurlburt v. Dusenbery,* 26 Colo. 240, 57 Pac. 860; *Sayre v. Leonard,* 57 Colo. 116, 140 Pac. 196; *Divine v. Western Slope Ass'n,* 27 Colo. App. 368, 149 Pac. 841; *George v. Williams,* 27 Colo. App. 400, 149 Pac. 837.

The record discloses that the note sued upon is a renewal of the one given at the time the contract and receipt heretofore set forth were issued, for this reason it is claimed that the testimony shows that the plaintiff in error was possessed of all the knowledge which he now has, at the time he executed the renewal, and for that reason is estopped from making any defense to the note sued on. Without conceding that the evidence thus discloses, this question can be disposed of, so far as this opinion is concerned, by calling attention that the plaintiff did not specially or at all plead a waiver or estoppel, which he now seeks to take advantage of. The general rule is that a waiver or estoppel in order to be taken advantage of, must be pleaded. *Leschen & Sons R. Co. v. Craig,* 18 Colo. App. 353, 71 Pac. 885; *Mesa County Natl. Bank v. Berry,* 24 Colo. App. 487, 135 Pac. 129; *Gaynor v. Clements,* 16 Colo. 209, 26 Pac. 324; *Prewitt v. Lambert,* 19 Colo. 7, 34 Pac. 684; *De Votie v. McGerr,* 15 Colo. 467, 24 Pac. 923, 22 Am. St. Rep. 426; *Davidson v. Jennings,* 27 Colo. 187, 60 Pac. 354, 48 L. R. A. 340, 83 Am. St. Rep. 49.

Counsel concede the correctness of this rule, but claim that this case presents an exception to it for the reason that they allege that the defendant (plaintiff in error here) gave evidence which justified an estoppel. To support this contention they cite *Gilette v. Young,* 45 Colo. 562, 101 Pac. 766, wherein the syllabi states:

"Where the defendant himself gives the evidence which warrants an estoppel upon him, without in any respect restricting it to any particular issue, he will not be heard to complain that the estoppel was not pleaded."

In the body of the opinion, it is said:

"We think the court was right in withdrawing this question from the jury. The principal point, however, made by defendants, is that in their replication, there was no plea by plaintiffs of waiver or estoppel which, under the rule in this state, is essential. While such is our practice, we think the rule is not applicable to the facts of this case. The evidence which proved waiver or estoppel was

furnished by the defendants themselves in their attempt to prove their counterclaim. It was elicited by them and no request was made that it should be restricted to any particular issue."

The difficulty with counsel's theory of this opinion is its application to this case. The testimony here, which they claim supports an estoppel, was solicited by them from the plaintiff in error when called for cross-examination under the statute. It was not presented voluntarily upon his part for any purpose. In securing it counsel admit that they were somewhat upon a fishing expedition, and, having elicited from the plaintiff in error what they claimed was an admission, they now seek to have that construed as a voluntary position on his part, and by him injected into the case and for that reason entitled to be accepted as an issue without pleadings. Without determining whether these so-called admissions go to the extent of establishing what counsel claim, or whether they would be good as a defense if they did, we cannot agree that they were injected into the case voluntarily by the plaintiff in error or treated as an issue without pleadings.

Another reason which prevents an affirmance of the judgment would be the conflict in the testimony pertaining to the acceptance of the subscription, the issuance and delivery of the stock, or whether it was to be delivered. Counsel for defendant in error say, that Rawalt's testimony establishes that it was understood that the stock, when issued, was to be attached to the note, and delivered when it was paid; that this testimony is definite and clear, whereas that of the plaintiff in error that there was no such an understanding, is evasive, indefinite and contradictory. While this is their version of the fact and possibly may have been that of the court, yet it was no justification for the court's taking the question from the jury. The evidence concerning the contract pertaining to the withholding or delivery of the stock was conflicting, and if a proper issue, which appears to have been accepted as

such by the trial court, it should have been submitted to the jury.

We deem it unnecessary to go into the substance of the defenses in detail, as the case must be reversed for the reasons stated. Prior to a new trial the parties will be permitted to amend their pleadings as they may be advised. This may eliminate many of the questions now urged.

The judgment is reversed.

*Reversed.*

Decision *en banc.*

Mr. Justice Scott not participating.