(October 21, 1924.)

THE FIRST NATIONAL BANK OF RIGBY, a Banking Corporation, Respondent, v. ROY A. CAMPBELL and T. J. CAMPBELL, Appellants, and JOHN Mac-MULLIN, Defendant.

[230 Pac. 43.]

NEGOTIABLE INSTRUMENT—CONDITIONAL DELIVERY—PAROL EVIDENCE—HOLDER IN DUE COURSE—HOLDER WITH NOTICE—BURDEN OF PROVING LACK OF NOTICE—MAKER TAKING NOTE OF PAYEE AS SECURITY—ESTOPPEL.

1. As against one not a holder in due course, the maker of a negotiable instrument may show that the delivery was conditional.

2. Parol evidence is admissible to show that delivery of a negotiable instrument was conditional.

3. Upon proof that the delivery of a negotiable instrument was conditional, the burden is upon the holder to show that he took without notice.

4. Where a negotiable note, delivered upon a condition which is not fulfilled, is negotiated to a holder who takes with notice, the fact that the maker subsequently takes a note from the original

payee to secure him against loss does not estop the maker from setting up the conditional delivery as a defense in an action by the holder. If the original payee pays his note to the maker, such an estoppel arises to the extent of the payment.

APPEAL from the District Court of the Ninth Judicial District, for Jefferson County. Hon. James G. Gwinn, Judge.

Action on a promissory note. Judgment for plaintiff. *Reversed.*

F. A. McCall and Arthur W. Holden, for Appellants.

Respondent is not a holder in due course.  (C. S., sec. 5919, subd. 1; *Citizens State Bank v. Walden,* 21 Ky. Law Rep. 739, 52 S. W. 953; *Saline Valley Bank v. Peckham,* 108 Kan. 560, 196 Pac. 593.)

Respondent failed to meet the burden of proof required of it to establish its status as a holder in due course.  (*Winter v. Nobs,* 19 Ida. 18, Ann. Cas. 1912C, 302, 112 Pac. 525; *Shellenberger v. Nourse,* 20 Ida. 323, 118 Pac. 508; *Altschul v. Rogers,* 22 Ida. 512, 126 Pac. 1048; *First Nat. Bank v. Hall,* 31 Ida. 167, 169 Pac. 936.)

Respondent being not a holder in due course, the note was subject to the defense that it was never delivered for the purpose of giving effect thereto.  (C. S., sec. 5883; *Lewis County v. State Bank of Peck,* 31 Ida. 244, 170 Pac. 98; 8 C. J. 205, sec. 336.)

Respondent being not a holder in due course, the note was subject to the defense that appellants had never received, any consideration therefor.  (C. S., sec. 5895; *Holbart v. Lauritson,* 34 S. D. 267, 148 N. W. 19, L. R. A. 1915A, 166; *Iowa State Sav. Bank v. Henry,* 22 Wyo. 189, 136 Pac. 863; *Russ Lumber & Mill Co. v. Muscupiabe Land & Water Co.,* 120 Cal. 521, 65 Am. St. 186, 52 Pac. 995; *Utah Commercial & Sav. Bank v. Fox,* 40 Utah, 205, 120 Pac. 840; *Dewey v. Bobbitt,* 79 Kan. 505, 100 Pac. 77.)

Respondent having acquired the note in suit, on Sept. 14, 1920, its rights in the said note became fixed as of that date,

and the transaction between appellants and defendant Mac-Mullin whereby appellants took notes from MacMullin in payment of those originally given him, arising subsequently to the acquiring of said note by respondent, and respondent not being a party to said transaction, such transaction could not affect respondent's right in said note either adversely or beneficially. (8 C. J. 717; 5 C. J. 962, 966.)

Respondent being at the time the banker of appellants, and having by virtue of that relation induced appellants to enter into the transaction affecting the MacMullin notes, and to bring suit on one of said notes, and by reason thereof to change their position relative to the note herein to their advantage, the respondent is thereby estopped to claim any benefit therefrom in this action. (25 C. J. 1120; *Leaf v. Reynolds,* 34 Ida. 643, 203 Pac. 458.)

C. A. Bandel, for Respondent.

Where there was no fraud in the inception of a note and no evidence that it was fraudulently put in circulation, the holder is under no obligation to show that he is a holder in due course. (*Biggs v. Carter,* 179 Iowa, 284, 161 N. W. 322; Brannan's Neg. Instrument Law, 3d ed., p. 215; *Moon v. Simpson,* 170 N. C. 335, 87 S. E. 118.)

While the burden of proof to show that the plaintiff or someone under whom he holds is a holder in due course is shifted to the plaintiff when the fraudulent character or negotiation of the paper is shown, the presumption that the indorsee is a *bona fide* holder for value is not repelled merely by proof that the instrument as between the immediate parties was without consideration. (*Mitchell v. Baldwin,* 88 App. Div. 265, 84 N. Y. Supp. 1043; *Joveshof v. Rockey,* 58 Misc. 559, 109 N. Y. Supp. 818; *Standing Stone Nat. Bank v. Walser,* 162 N. C. 53, 77 S. E. 1006; *Douglas v. Burton,* 98 Neb. 832, 154 N. W. 718.)

Those who execute negotiable paper and set it afloat are chargeable with a much higher degree of diligence and caution than is chargeable to those who purchase such paper

in due and regular course of business. (*Vaughn v. Johnson*, 20 Ida. 669, 119 Pac. 879, 37 L. R. A., N. S., 816.)

McCARTHY, C. J.—This is an action on a negotiable promissory note. The defense was that the note was executed and delivered by appellants to one MacMullin on a deal by which he would sell appellants a certain 80-acre tract of land free and clear of all encumbrances, and would the next day execute and deliver to appellants a written contract to that effect and an abstract showing title in him free and clear of all encumbrances; that the promissory note in question was delivered by appellants to MacMullin with the understanding that it would not become effective until the execution of the contract of sale and the delivery of the abstract; that shortly after receiving the note, and before executing and delivering the contract, MacMullin mortgaged the land for $3,000; that upon learning this appellants refused to execute the contract and the deal was never completed; that respondent acquired the note from MacMullin with knowledge of all these facts. At the conclusion of the evidence the trial court directed a verdict for respondent; upon this verdict judgment was entered, from which this appeal is taken. There are many assignments of error but we need consider and discuss only one, to wit, that the trial court erred in directing a verdict in favor of respondent and against appellants.

Appellants are father and son. They introduced testimony to the following effect: MacMullin wanted to sell them the land in question for $4,000. They looked it over and decided to take it. One dollar was paid down, and appellants executed a note for $1,000 dated June 10, 1920, due December 1, 1921, and a note for $2,999 dated June 10, 1920, payable December 1, 1921, the latter being the note in suit. These notes were left with MacMullin until the executed contract and abstract should be delivered, with the understanding that they should not take effect until the deal was closed. MacMullin said he owned the land and it was clear; he just wanted time to get the abstract made out.

He was to furnish the contract and abstract the next day. On June 13th, one Ellsworth, cashier of respondent bank, asked appellant T. J. Campbell if he had given MacMullin some notes. Campbell told him how the deal stood, that he had left the notes in MacMullin's care until the deal was settled up and if he got the abstract and contract all right, he would just as soon Ellsworth held the notes as anybody else. On June 15th, before furnishing the contract and abstract to appellants, MacMullin mortgaged the land for $3,000, the mortgage being recorded on June 20th. Toward the last of June MacMullin delivered to appellants a contract of sale executed by him, but never delivered an abstract. Appellants learned of the execution and recording of the mortgage, refused to execute the contract and called the deal off. Respondent acquired the note from MacMullin some time between June 13th and June 15th, 1920. On cross-examination of appellant's witnesses respondent brought out that in September, after the deal was called off, appellants took two notes from MacMullin to protect themselves, one for $1,023.11 and one for $3,068.33. In January, 1921, they brought action against MacMullin on the $1,000 note and obtained judgment by default. It is clear that the purpose of this transaction was to protect them against loss from the notes which they had given to MacMullin, one of which had been acquired by respondent. Appellant sought to show that respondent was instrumental in suggesting and effecting this attempted settlement between them and MacMullin, and in the bringing of the suit. Evidence to· this effect was rejected by the court on objection by respondent. The court also sustained respondent's objection to the question whether anything had been realized by appellants on the judgment against MacMullin or on the notes. However, there is no evidence that anything was so realized.

C. S., sec. 5883, provides as follows:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate

parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument.

"But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him, is conclusively presumed. . . . . "

There is no question but that a conditional delivery, as set up in the answer and testified to by appellants, would have been a defense to appellants as against MacMullin. It was a defense against respondent unless it was a holder in due course. (*Liberty Trust Co. v. Tilton,* 217 Mass. 462, 105 N. E. 605, L. R. A. 1915B, 144.) Parol evidence is admissible to show such a conditional delivery. (*Hill v. Hall,* 191 Mass. 253, 77 N. E. 831; *Hodge v. Smith,* 130 Wis. 326, 110 N. W. 192; *First State Bank v. Kelly,* 30 N. D. 84, 152 N. W. 125; *Key v. Usher,* 30 Ky. Law Rep. 667, 99 S. W. 324; *Norman v. McCarthy,* 56 Colo. 290, 138 Pac. 28; Joyce on Defenses to Commercial Paper, sec. 486.) Further, upon appellant's producing evidence that the note was delivered to take effect upon a condition which was not fulfilled, the burden was upon respondent to show that it took without notice. (*Hodge v. Smith, supra; Holdsworth v. Blyth & Fargo Co.,* 23 Wyo. 52, 146 Pac. 603; *Mendenhall v. Ulrich,* 94 Minn. 100, 101 N. W. 1057.) The fact that the note was delivered to take effect upon a condition which was not fulfilled would constitute a defect in the title of the payee MacMullin, who negotiated it to respondent, and, under C. S., sec. 5919 and sec. 5926, it was incumbent upon respondent, in order to show it was a holder in due course, to prove that it took without notice of such defect in the title. (*Wright v. Spencer,* 38 Ida. 447, 226 Pac. 173.) Respondent introduced no evidence to show that it took the note without notice of any defect in MacMullin's

title. On the contrary, appellant T. J. Campbell testified, as above set forth, that he told Ellsworth, the cashier of the bank, in answer to the latter's inquiry, that the notes were to take effect only if the deal were closed. This was sufficient to constitute notice of the conditional delivery, and notice to Ellsworth the cashier was notice to respondent.

Respondent contends, however, that the later transaction between appellants and MacMullin, by which they took his notes to protect them against loss on account of the notes which they had delivered to him, estops them from setting up the defense based upon the conditional delivery of their note. There is some conflict in the testimony as to when respondent acquired the note in suit. An inference may be drawn from Campbell's testimony that it was in June, whereas witness Hart, who was respondent's cashier at the time this action was tried, testified from respondent's records that it was on September 4th. In any event it was acquired before MacMullin gave his notes to appellants on September 24, 1920. The rights of respondent attached when it took the note, and whether or not it was a holder in due course must be determined as of that date. The question is therefore unaffected by the later transaction between MacMullin and appellants. Moreover, from any reasonable point of view which may be taken of the matter, it cannot be logically held that appellants should be compelled to pay respondent, and take their chance of recovering from MacMullin. They had a right to take the notes from Mac-Mullin, and hold them as security for what they were worth, but this in nowise estopped them from setting up their defense as against respondent. If MacMullin had actually paid the notes or any part thereof appellants would be estopped to set up this defense to the extent of the amount they had received from MacMullin. In such event, however, the fact that they had received the money from MacMullin would be the basis of the estoppel, and not the fact that they had taken the notes. Certainly it could not be claimed that appellants would be estopped as against MacMullin to

set up their defense in an action brought by him upon the note merely because they had taken a note from him. Respondent stands in no better position than MacMullin would. For a case involving essentially similar facts and reaching the same conclusion see *Saline Valley Bank v. Peckham*, 108 Kan. 560, 196 Pac. 593.

Applying the above principles to the evidence introduced in this case, it is impossible from any point of view to reach the conclusion that the trial court was justified in directing a verdict for respondent. It could be argued much more logically that a verdict should have been directed for appellants. However, in view of all the circumstances, we conclude that the question whether the defense of conditional delivery was established, should have been submitted to the jury. The reasonableness of the version of the transaction given by appellants is a question for the jury rather than for the court. However, if the conditional delivery be established, the question as to whether respondent took with notice is not one for the jury. The burden of proof was on respondent to show that it took without notice. (*Wright v. Spencer*, and other cases cited, *supra*.) Respondent introduced no evidence to sustain this burden. On the contrary, appellants introduced evidence, uncontradicted and unimpeached, to the effect that respondent took with notice. Under these circumstances the case should have been submitted to the jury with the instruction that, if they found the notes were delivered by appellants to MacMullin to take effect only if the deal were completed, and that the deal was not completed through MacMullin's fault and without fault of appellants, they should find for appellants.

The judgment is reversed and the case remanded for further proceedings in accordance with the views herein expressed. Costs to appellants.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.