## No. 12,931.

DENISON CLAY COMPANY ET AL. *v.* PENNOCK ET AL.
(32 P. [2d] 189)

Decided April 16, 1934

Mr. JOHN P. JAMES, for plaintiffs in error.

Mr. JAMES N. SABIN, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, Denison Clay Company, is herein-after referred to as the company, the receiver as John Denison or the receiver, his father as Denison, Sr., and defendants in error as Mr. and Mrs. Pennock respectively.

Mr. Pennock bought stock in the company, paid for

part of it in cash and gave his note for the balance. He brought this action to compel delivery of all stock he had paid for and the return of the note, and had judgment accordingly. To review that judgment the receiver only, prosecutes this writ.

In December, 1927, the company was doing business with Denison Sr., as president, and John Denison as secretary-treasurer and assistant manager. Through the president it sold Pennock stock at $100 per share. He paid $1,500 in cash and gave the note here in question, which his wife signed with him. It is dated December 14, 1927, due December 14, 1928, bears six per cent interest, purports to be for $3,500, and recites that it is given for a balance due on the purchase of fifty shares of stock which is deposited as collateral. That amount was issued in the name of Mrs. Pennock and was so deposited. The note bears a credit of $1,176.95 of date July 15, 1928, "for services in erecting one rectangular kiln," and another of $24.75 of date December 1, 1928, "for brick work done at plant." April 29, 1930, John Denison was appointed receiver, but made no demand for payment of this note until about the date this suit was instituted, i. e., January 5, 1931.

By an amendment to the complaint, filed by leave of court, it is alleged that the express agreement under which the stock was bought and the note delivered, was that the company should supply labor for Pennock to the amount of the face of the note, which was to be paid only in that way; that if the company failed to furnish such employment, or furnished it in part only, Pennock should take stock only in the amount so furnished and his note should thereupon be cancelled and returned. This is denied, but is overwhelmingly supported by the evidence, including the indorsements, and the court, to which it was tried, so found. The only important questions presented by the record are the admissibility of that evidence, and the validity of that agreement as against the receiver.

Counsel for the receiver cites sections 2271 and 2301,

C. L. 1921. The former makes each stockholder liable for corporate debts "to the extent of the amount that may be unpaid upon the stock held by him"; and the latter "to the extent of the unpaid portion of his stock." But since the Pennocks plead and prove that no portion of the stock they owned was unpaid for, the statutes do not help us. Counsel also cites and relies upon *Faris v. Beck,* 74 Colo. 480, 222 Pac. 652, wherein we held a contract to pay for stock only out of dividends, when relied upon as against a receiver, against public policy. There, however, there was no question of the amount of stock purchased. Here the express plea and proof is that only so much stock was in fact purchased as the work furnished by the company would pay for. The company had a perfect right to exchange its stock for necessary services, if it obtained value received, and that it did so is undisputed.

Whether the parol contract to pay in work was in conflict with the face of the note, and its admission therefore a violation of the parol evidence rule, we need not consider. The note, including the indorsements made by the company, constituted the entire writing, and the parol evidence merely explains and conforms to it. All this is corroborated by the conduct of the company and the receiver. The company made no effort to collect during the sixteen months which elapsed between maturity and the date of the receivership, and the receiver made no demand for almost a year after his appointment. Strange forbearance, considering the company's financial condition, and suggesting knowledge of a valid defense. If this note were in the hands of a holder in due course, the contention of variance in the writing by parol would be most potent. But the receiver does not so hold. He took the note more than a year after maturity, and with all defenses against it. It is clear that it was never delivered as an unconditional promise to pay money, but as a memorandum fixing the maximum amount of the purchase which the company could enforce, and that,

only in a particular way. If the promise to pay was in fact a promise to pay in work only, the furnishing of such work was a condition attached to the promise and delivery. If the condition was within the control of the company and not by it fulfilled, or if it became impossible of fulfillment, as it did with the receivership, the fact could be shown by parol. Such evidence does not vary the terms of the writing, but establishes the absence of unconditional delivery. *Norman v. McCarthy,* 56 Colo. 290, 138 Pac. 28. We have applied the rule, under the express provisions of section 3833, p. 1124, C. L. 1921, in a case where the note, unlike this, gave no hint of the condition. *Sayre v. Leonard,* 57 Colo. 116, 140 Pac. 196.

The receiver also relies upon laches, because this suit was not instituted for more than two years after the maturity of the note. But the evidence discloses that Pennock repeatedly demanded his note and was repeatedly assured that it had been or would be cancelled.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.