[No. 1447.]
JOHNSON ET AL. v. CUMMINGS ET AL.

1. PRACTICE—PLEADING—MOTION TO STRIKE.
A motion to strike out an amended complaint comes too late after the case is at issue on the facts.
2. PLEADING.
A complaint that alleges that plaintiffs and defendants jointly owned a mine, and that defendants knowing of one who was ready and willing to purchase it at a certain price represented to plaintiffs that they could sell it at a less price only, that plaintiffs relying on the false representations were induced to authorize defendants to sell the mine as agents for plaintiffs at the smaller sum for which they paid defendants a commission; that defendants sold the mine at the larger sum and divided the difference between them, stated a cause of action in tort only and could not be converted into a complaint on contract.
3. PRACTICE—PLEADING—ELECTION.
Where an amended complaint states only a cause of action in tort, an order of the court requiring plaintiffs to elect whether they would rely on the tort or on the contract alleged in the complaint was a nullity, there being but one cause of action alleged there could be no election, and although the plaintiffs undertook to comply with the order of the court by electing to rely upon the contract, their action was ineffective and did not change the character of the amended complaint and furnished no grounds for a motion to strike out the amended complaint because it changed the cause of action from one of tort to one of contract.
4. EVIDENCE—PAROL TO VARY WRITTEN INSTRUMENT—FRAUD.
Parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument, but it is admissible to show that the execution of the instrument was procured by fraud.

VOL. XII—2

5. PRACTICE—PLEADING.
The entire cause of action must be stated in the complaint, and a nec-
    essary allegation cannot properly appear for the first time in the
    replication, but where a necessary allegation omitted from the com-
    plaint is supplied by the replication, the irregularity is waived
    unless objection be made to the replication.

*Appeal from the District Court of El Paso County.*

Messrs. GUNNELL & HAMLIN and Mr. WILLIAM C. ROB-
INSON, for appellants.

Mr. T. M. S. RHETT and Mr. W. S. MORRIS, for appellees.

THOMSON, P. J.

The appellees were plaintiffs below.  Their original com-
plaint alleged that they, together with the defendant, Johnson,
and one J. H. Spohr, were the owners of the Lowell mining
claim, in Cripple Creek mining district, El Paso county; that
the defendants collusively, and for the purpose of cheating and
defrauding the plaintiffs, represented to the plaintiffs that
they could procure a purchaser for the claim at the price of
$46,000, and no more, whereas, at the time of making the
representation, one W. S. Stratton had agreed with them to
pay $50,000, for the property; that the plaintiffs believing
the representation, and relying upon it, sold a one-fourth
interest each in the claim, at the price of $46,000 for the
whole claim; that the defendants took and divided between
themselves $4,000, the difference between the price which
they obtained, and the price they represented they could pro-
cure; that of this difference the plaintiffs were entitled to
$2,000, and that they did not learn that the property was sold
for $50,000 until more than six months afterwards.

This complaint was followed by an amended complaint,
which contained all the allegations of the original complaint,
and averred, in addition, that upon the representation being
made, the plaintiffs entered into an agreement with the de-

fendants whereby the defendants should sell the property for $46,000, and should receive, as a commission for their services, the sum of $1,000, the plaintiffs, as the owners of one half of the property, to pay one half of the commission, or one fourth each, and that of the amount of such commission due from them, they had paid, and the defendants had received, $250.

The defendants answered, denying the allegations of the amended complaint, and setting up a written contract, signed by the plaintiffs, the defendant Johnson, and Mr. Spohr, by which, in consideration of $1.00 paid, the parties agreed, within a specified time, to convey the property, at the price of $46,000, to the defendant Sherman, or to such person as he should designate; also averring that Sherman, as the holder of the option, procured a purchaser in the person of W. S. Stratton, who took the property and paid $46,000 for it, and that the defendant Johnson was not interested in the option or the sale, except as an owner in the property.

The replication admitted the execution of the contract, but alleged that, so far as the plaintiffs were concerned, it was requested by the defendants for the sole purpose of enabling them to show the proposed purchaser that they had the requisite authority to make the sale, and also alleged that Stratton purchased the property for $50,000.

The court, on motion of the defendants, required the plaintiffs to elect whether they would rely on the tort, or the contract, alleged in the amended complaint, and they elected to rely upon the contract. The defendants also moved for an order striking out the amended complaint and dismissing the case, on the alleged ground, that the amended complaint attempted to state a different cause of action from the one stated in the original complaint, in that the cause of action stated in the amended complaint rested on contract, whereas the one stated in the original complaint rested on tort, but the court denied the motion. After the jury were empaneled, and before any evidence was introduced, the defendants objected to the reception of any testimony on the part of the

plaintiffs, on the ground that the amended complaint did not state facts sufficient to constitute a cause of action on a contract, but the objection was overruled. The jury gave the plaintiffs a verdict for $2,000. After an ineffectual motion for a new trial, judgment was entered on the verdict, and the defendants appealed.

Numerous rulings of the court are assigned for error, but they are all abandoned in the argument except the denial of the motion to strike out the amended complaint, the reception of evidence for the plaintiffs over the objection of the defendants, and the admission in evidence of conversations between the parties at the time of, or before, the execution of the written contract.

The most considerable portion of the argument is devoted to the refusal of the court to strike out the amended complaint. The abstract does not show when either the amended complaint, the answer, or the replication, was filed, but, leaving the effect upon the case, of the plaintiffs' election, out of consideration for the present, if the order in which these pleadings, and the motion to strike, appear in the abstract, is their true chronological order—and for the purposes of this appeal we must presume that it is—then the motion was made after the pleadings were all in, and the case ready for trial. By waiting until the case was at issue on the facts, the defendants acquiesced in the amendment. The motion therefore came too late, and for that reason it was properly denied. However, it is argued that the original complaint stated a cause of action in tort, and the amended complaint a cause of action partly in tort and partly on contract; that when the plaintiffs elected to waive the tort and rely on the contract, the only cause of action remaining was one on contract, and the effect of the amendment, coupled with the election, was an entire change in the nature of the cause of action. Certainly, it is not allowable, by amendment, to substitute for the cause of action first stated, a new and different one, but we are unable to see that in this case there was such substitution. All parties to the proceeding, and the court, seem

to have fallen into a singular confusion respecting the nature of the allegations in the original and amended complaint. The defendants in moving to compel the election, assumed that the amended complaint stated a case arising partly *ex delicto*, and partly *ex contractu*. The court, and so far as we can see, the plaintiffs, acquiesced in the assumption, and, accordingly, the court ruled the plaintiffs to elect between the wrong and the contract, and they elected to waive the wrong and stand upon the contract. But the election did not change the statements of either the original or amended pleading, and if the amended complaint did not state a cause of action upon a contract, the plaintiffs by their election did not inject one into it. Now, by no possible distortion of the language of the amended complaint can it be converted into a complaint on a contract. The only contract to which it alludes is one by which in consideration of the defendants' effecting a sale of the property for $46,000, the plaintiffs agreed to pay them a commission. No breach of that contract by the defendants is charged, and no recovery is sought against them by reason of any failure on their part to perform it. It is the fraud by which the contract was induced, and not the contract itself, on which, by their amended complaint, the plaintiffs base their right to recover. The allegations of the original complaint are the same as those of the amended complaint, with the feature of agency omitted. The first pleading alleged a deceit practised upon the plaintiffs by the defendants, whereby the former were induced to part with their property for an inadequate sum, while the last alleges a deceit practised upon the plaintiffs by the defendants whereby the former were induced to authorize the latter, as their agents, to sell the property for an inadequate sum, it being averred in both pleadings that the difference between the price the plaintiffs were fraudulently induced to accept, and the price actually paid, was appropriated by the defendants. According to each set of statements the conduct of the defendants was tortious, and it is immaterial that by averments in the second, not contained in the first, the de-

fendants were shown to be the agents of the plaintiffs. Indeed, the advantage taken by the defendants of the confidential relations which had been established, in so far as it affects the appearance of the case at all, gives a deeper color to the wrong. Both original and amended complaint were intended to describe the same transaction, and the only difference between them is that in the latter fuller details are given. The cause of action stated in the amended complaint was not different in its nature from that stated in the original complaint, and the gravamen of both was tort.

If the amended complaint had combined a cause of action *ex delicto*, with a cause of action *ex contractu*, it would have been proper to require the plaintiffs to elect between them. They could have abandoned one and gone to trial upon the other. But that an election might be made, there must have been the opportunity of choice. The pleading stated but one cause of action, hence there could be no election, and the order of the court requiring the plaintiffs to elect was futile. It operated on nothing. It exacted an impossibility, and was without any force or effect. Although the plaintiffs undertook to elect, they did not make an election, because the conditions necessary to an election had no existence. The order requiring the election, and the action of the plaintiffs in attempted obedience to it, being, of necessity, entirely ineffective, and therefore nullities, were very properly disregarded by the court in the subsequent proceedings and at the trial. They furnished no ground for the motion to strike out the amended complaint.

What we have just said renders observations concerning the ruling upon the defendants' objection, at the outset of the trial, to the admission of any evidence for the plaintiffs, superfluous, and it also dispenses with the necessity of extended consideration of the question raised upon the admissibility of the conversations which took place when the contract was made. Our attention to the latter question will therefore be brief. Counsel say that oral evidence of conversations and negotiations cannot be admitted to vary or contradict the

terms of a written contract. That is true, provided the conversations and negotiations occur before, or at the time of, the execution of the contract. But nothing occurred in the history of this case to which the doctrine is in the smallest degree applicable. The written contract was not the foundation of the plaintiffs' suit. Their cause of action arose out of the alleged fraudulent practices by which they were induced to enter into it. They did not attempt to prove by conversations, or otherwise, that it differed in any respect from their previous parol agreement, and no testimony offered by them had the slightest tendency to alter or vary its terms. What they did undertake to show was that the statements of the defendants, upon the faith of which the plaintiffs were induced to make the agreement, were fraudulent. Now, it is no better settled that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument than it is that parol evidence is admissible to show that the execution of the instrument was procured by fraud. 1 Greenl. Ev. § 284.

Counsel point out a defect in the amended complaint, in that it nowhere alleges that the property was sold for $50,000. That such a sale was made does not appear in that pleading, except inferentially, and the allegation was necessary to the statement of a cause of action. But the omission is supplied in the replication; so that, combining the two pleadings, a complete cause of action is set forth. The rules of pleading require the entire cause of action to be stated in the complaint, and a necessary allegation cannot properly appear for the first time in the replication. But the replication was not met by any objection, and the irregularity was therefore waived. *Railroad Co. v. Cahill*, 8 Colo. App. 158. No valid reason for a reversal of the judgment is exhibited, and it will be affirmed.

*Affirmed.*