Wilson, J.
On November 14, 1895, one J. A. Loshbaugh, together with W. H. Beard, H. H. Beard and M. V. Beard purported to execute to plaintiff, Scott, a lease and bond of the Queen Victoria' lode mining claim, upon certain conditions therein set forth. The name of Loshbaugh was first signed to the instrument, and following this the name of M. V. Beard; and thereafter the names of the other two Beards. Opposite their names, immediately following the last letter in the name of M. V. Beard, were the words “ Attorney in fact.” The certificate of acknowledgment by a notary public recited that the paper was acknowledged by Loshbaugh and Beard in person, and by W. H. and H. H. Beard by their attorney *159 in fact. The two last named were the father and brother respectively of M. Y. Beard. On December 19, following, Scott sold and assigned the lease and bond by indorsement thereon in writing to the defendants Fleetford and Maher, for the consideration of $300 cash, and of the further sum of $700, for which they executed their promissory note, payable in ninety days. In pursuance of tins assignment defendants entered into possession of the mining claim and prosecuted work thereon for several months. On April 21, following, some time after the maturity of the note above mentioned, this suit was commenced to recover on it. The defendants answering set up several defenses, but in this court, in support of the judgment which they obtained, they rely upon one only, claiming that it is controlling. This defense was that there was a failure of consideration, because the lease and bond had not been executed by W. H. Beard and H. H. Beard. The sole evidence in support of this was that at the time of the execution of the lease and bond, these two were not present, and that their names were signed by M. Y. Beard, claiming to represent them. The only question therefore is, was this evidence sufficient to establish this defense ?
It may be said in the outset that even if M. Y. Beard was the regularly authorized attorney in fact of the two absent owners, the signatures to the instrument were irregular, and the acknowledgment was defective, but as to what ultimate effect this might have upon the validity of the instrument it is not necessary for us, in the view which we take of the case, to determine. It is sufficient to say that there was enough in the acknowledgment and about the signatures to indicate that M. Y. Beard was assuming to act as attorney in fact for his absent father and brother.
It is an elementary and fundamental general rule of evidence that the burden of proving a proposition is upon the party affirming it. This is so well settled and universally recognized that no citation of authorities is required in support of it. In this case the defendants pleading a failure of consideration because the lease and bond had not been exe *160 cutedby W. H. and H. Ii. Beard, the burden was upon them to prove it. They contented themselves, however, with only showing that these two did not sign the instrument in person. They might have empowered some one else to sign and execute the instrument for them and in their behalf, but upon this point no testimony whatever was offered. This was a part of defendants’ case, and having failed to make any showing in support of it, either prima facie or otherwise, the defense was not maintained. It is true that this general rule above stated has some exceptions, but the facts do not bring this case within any of them. The Beards were not parties plaintiff to this suit, and hence it could not be said that the proof of the nonexistence of any power of attorney or authority in M. Y. Beard to sign for his father and brother, was specially within the possession or knowledge of this plaintiff. The proof of this fact, if it existed, could have been as easily secured by the defendants as could the proof of the existence of the authority been obtained by the plaintiff. Nor can it be maintained that this burden shifted from defendants to plaintiff because the defendants should not be required to prove a negative, which sometimes forms an exception to this rule. The defense of failure of consideration, asserted by defendants, depended for its existence upon a negative, — that is to say, that the two Beards neither signed nor by proper authority authorized M. V. Beard to sign for them the lease and bond in question. This was all there was to their defense, and in such case it is well settled that the burden of proof of the hegative facts must be upon the defendant. A lucid explanation and forcible argument in support of tins rule can be found in an opinion by Justice Elliott, in Goodwin v. Smith, 72 Ind. 113.
The finding of the district court, therefore, to the effect that there was a failure of consideration from the causes alleged, was not supported by the evidence. Whether or not if it had been shown that M. Y. Beard had no express written authority to execute the instrument in behalf of his absent father and brother it would have availed defendants *161 under the particular circumstances of this case to have wholly defeated a recovery, is not presented, and we are not called upon to decide.
For the error stated the judgment will be reversed, and the cause remanded for a new trial.

Reversed.