No. 10,137.

BROMLEY *v.* FERGUSON.

Decided November 7, 1921.

Action on promissory note. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. VERDICT—*Directed—Evidence.* Evidence reviewed and held to justify the direction of a verdict for plaintiff.

2. PLEADING—*Real Party in Interest.* The defense that the plaintiff is not the real party in interest, to be available, must be specially pleaded.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Messrs. DEWEESE & McPHAIL, for plaintiff in error.

Mr. GEORGE ALLAN SMITH, for defendant in error.

MR. JUSTICE WHITFORD delivered the opinion of the court.

PLAINTIFF in error was defendant below in an action on a promissory note. The answer alleged want of consideration and denied that the plaintiff was a holder for value in due course. At the conclusion of the testimony the court directed a verdict for the plaintiff. The direction of a verdict is one of the assignments of error.

On May 28, 1920, the plaintiff in error contracted to purchase a number of shares of the capital stock of The Industrial Sugar Company. The note in question was made for the purchase price and was payable November 15, 1920. The plaintiff in error testified that the note is "all right if I got my stock; if the contract was fulfilled and I got my stock, why then I would pay the note." The written contract for the purchase of the stock, which plaintiff testi-

fied was made simultaneously with the note, provided that the stock should issue to the plaintiff in error "when fully paid for in cash." Therefore, the contention of plaintiff in error that it was agreed that the stock should be delivered at the time of the delivery of the note is at variance with the express terms of the written contract. There was no error in directing a 'verdict for the plaintiff.

Another assignment of error is that the plaintiff below was not the real owner of the note at the time of bringing the action. An examination of the evidence shows that this contention is not well founded in fact. But aside from the fact, the evidence on that point was clearly inadmissible under the pleadings. The answer contained no such defense. The defense that the plaintiff is not the real party in interest, to be available, must be specially pleaded. *Wakeman v. Norton,* 24 Colo. 192, 49 Pac. 283.

Supersedeas denied and judgment affirmed.

MR. JUSTICE TELLER and MR. JUSTICE DENISON concur.