No. 10,794.

HICKMAN-LUNBECK GROCERY CO. *v.* HAGER, ET AL.

Decided June 2, 1924. Rehearing denied July 7, 1924.

Action by the payee against the makers of promissory notes. Judgment for defendants.

*Reversed.*

1. PLEADING—*Defense.* Each separate defense must be complete in itself without regard to other defenses, except in so far as by appropriate reference and adoption the allegations of one may be aided by the allegations of another.

2. *Defective Plea.* In an action on a promissory note, a defense

of conditional delivery cannot be aided by allegations in the same defense, of absence of consideration.

3.     *Separate Defenses—Joinder.* Two or more separate defenses may not properly be joined in one count.

4.   APPEAL AND ERROR—*Defenses—No Objection Below.* In an action on a promissory note, a plaintiff is not precluded on review from interposing an objection to a defense which although good as a plea of conditional delivery, is bad as a plea of no consideration, even though in the trial court he did not seasonably ask to have the defenses separated.

5.   COURTS DECISIONS—*Inconsistent.* If there be an inconsistency in announcements of the law by different appellate courts in the same jurisdiction, the opinion of the intermediate appellate court must yield.

6.   EVIDENCE—*Burden of Proof.* Generally one who affirms a proposition has the burden of proving it.

7.   BILLS AND NOTES—*Defense—Burden.* Under the terms of the negotiable instruments act, a defendant who affirmatively pleads absence or failure of consideration has the burden of establishing his defense by a fair preponderance of the evidence, which burden remains with him throughout the trial.

8.     *Conditional Delivery.* That the delivery of a promissory note was conditional, when pleaded, must be established by the party who asserts it.

9.   EVIDENCE—*Receipt—Parol Explanation.* A mere receipt is open to explanation.

10.     *Written Contract and Receipt—Parol Testimony.* Where a writing includes both a receipt and contract, the receipt element may be explained by parol, but the contract feature may not, in the absence of fraud, be contradicted or varied by parol testimony.

*Error to the District Court of Larimer County, Hon. Francis E. Bouck, Judge.*

Messrs. LEE & SHAW, for plaintiff in error.

Mr. CLAUDE C. COFFIN, for defendants in error.

*En banc.*

Mr. Justice Campbell delivered the opinion of the court.

Action by the payee against the makers of promissory notes.

In the first defense of the answer is a general denial of execution, delivery and consideration. The second defense on its face purports to be an affirmative defense of a delivery on a condition unfulfilled, and blended therewith is what counsel for defendants contends is a separate affirmative defense of absence of consideration. The trial was to a jury, which returned a verdict for the defendants, on which was rendered a judgment dismissing the action.

This judgment must be reversed for the following reasons:

1. In its rulings on the evidence and in its instructions to the jury the trial court assumed that there was an affirmative defense of an entire absence of consideration for the notes. It is a familiar rule of pleading that each separate defense must be complete in itself, without regard to other or different defenses, except in so far as by appropriate reference and adoption the allegations of one may be aided by the allegations of another. There were in form and we think in substance only two separate defenses in the answer. The first consists of a general denial; the second purports to set forth a conditional delivery, and coupled therewith are general statements, which of themselves are mere conclusions of the pleader, that the defendants received no consideration for the notes. Defendants' counsel, however, says that such a general statement of no consideration in the second defense, which we have just said are mere conclusions, should be read in connection with the preceding statements of the same defense, and thus aided, the appropriate facts are therein set forth which constitute a good plea of no consideration. The fallacy of this argument lies in the fact that these preceding averments belong, not to the defense of no consideration, but to an entirely different defense, that the defendants never executed or absolutly delivered the notes, but did deliver them

only upon a condition that was not fulfilled; that is, there was no valid delivery of the instruments as a binding contract. In *Abdun-Nur v. Valdez,* 68 Colo. 334, 189 Pac. 853, we said that a plea or defense of no consideration cannot thus be aided or supplemented by allegations in the same defense of no valid execution. Of course the same is true as to any other defense, such as conditional delivery, which is involved here.

There is another familiar rule of pleading which is pertinent. Two or more different causes of action, or two or more separate defenses, may not properly be joined or combined in one count or statement. If the defendants here did join in the one defense of the answer the two distinct defenses of conditional delivery and no consideration, on seasonable and proper objection thereto by the plaintiff the defendants would be obliged to reform their plea by separating the defenses. The fact that by failure seasonably to object below, the plaintiff may not now be heard to say that two distinct defenses are improperly commingled in the one statement, does not, however, preclude the plaintiff from here interposing the meritorious objection that the defense, though good as a plea of conditional delivery, is bad as a plea of no consideration. The trial court we think, in the state of the pleadings, committed prejudicial error in hearing evidence and submitting to the jury instructions upon the supposed defense of absence of consideration.

2. As this judgment must be reversed for the foregoing, and for other reasons, it is proper, in this connection, to point out another error of the trial court, in improperly imposing upon the plaintiff the burden of proof under a defense of no consideration. In the not improbable event that this issue might be aptly tendered by an amendment to the answer, we should lay down the rule that governs such a case. In fairness it should be said that this error is obviously due to the trial court's desire to conform to, and in following, our decision in *Best v. Rocky Mountain National Bank,* 37 Colo. 149, 85 Pac. 1124, 7 L. R. A. (N.

S.) 1035.   It was there held, in an action upon a nego-
tiable promissory note, while a production of the instru-
ment by the plaintiff, with proof of the signature, makes
a prima facie case, yet if the defendant puts in evidence
of a want of consideration, then the burden shifts, and
the plaintiff must prove, by a preponderance of all the evi-
dence, that there was a valid consideration.   In the Best
opinion there is a comment upon some of our prior deci-
sions which were supposed to hold otherwise, but no
reference was made to *Scott v. Fleetford,* 13 Colo. App.
158, where Mr. Justice Wilson said: "It is an elementary
and fundamental general rule of evidence that the burden
of proving a proposition is upon the party affirming it.
* * * In this case the defendants pleading a failure of
consideration because the lease and bond had not been
executed * * *, the burden was upon them to prove it.
* * * Nor can it be maintained that this burden shifted
from defendants to plaintiff because the defendants should
not be required to prove a negative, which sometimes forms
an exception to this rule."

Possibly there is no real repugnancy between the Best
Case and the Scott Case, for a reason which this court gave
in the Best opinion in its comment on previous but some-
what dissimilar earlier cases of our own; but we shall not
enter upon that inquiry, for if there is any inconsistency
the decision of the intermediate appellate court must yield.
The general rule, however, as to the burden being on one
who affirms a proposition, is unquestioned.   It may well be
that the weight of authority (and for our present purpose
we may so concede), in the absence or irrespective of the
Negotiable Instrument Law, which we adopted in 1897, is
as stated in the Best Case.   That decision, however, was in
an action on a promissory note made and delivered before
this act was adopted.   By its express terms, section 194,
(C. L. 1921, § 4012), this law does not apply to negotiable
instruments made and delivered before it took effect.   By
this law, however, we think the rule announced in the Best
Case is directly set aside.   Its doctrine is not now ap-

plicable to negotiable instruments made and delivered after it took effect. The notes sued on in this action were made and delivered, if at all, long after our negotiable instrument law was enacted.

Section 24 of the act (C. L. 1921, § 3841) reads: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

Section 28 (C. L. 1921, § 3845) reads: "Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto whether the failure is an ascertained and liquidated amount or otherwise."

If, as these sections declare, the note is prima facie presumed to be based on a valuable consideration, and if one whose signature is placed thereon is presumed to have become a party for value, and absence or failure of consideration is matter of defense, the maker, when sued by the payee, to overcome this presumption must not only allege but must also prove, as an affirmative defense, by a fair preponderance of the evidence, that there was an absence or failure of consideration. In other words, sections 24 and 28 impose on the defendant who affirmatively pleads absence or failure of consideration, the burden of establishing his defense by a fair preponderance of the evidence, and that burden does not shift to the plaintiff when the defendant has produced some evidence in support of his defense, but it remains on the defendant throughout the trial.

In 8 C. J. page 994, the author says the general rule is that "the burden of proof is on defendant to establish a defense of want, failure, or illegality of consideration." He follows this with the observation that, at least in some jurisdictions, this burden shifts to the plaintiff after defendant has introduced some evidence in support of his defense. The most exhaustive discussion of this subject we have found is in *Shaffer v. Bond,* 129 Md. 648, 99 Atl.

973. We think the conclusion of the Maryland court, that the burden continues with the defendant to the end of the case, is sound logically, and the necessary conclusion from the negotiable instrument law. Except in *Hall v. Farmers Bank,* 74 Colo. 165, 220 Pac. 237, we have not hitherto expressly so determined. In the Hall Case we held, but without discussion, that the burden in such cases is on the defendant.

In many other decisions rendered since our adoption of the Negotiable Instrument Law, including *Welles v. Colorado Co.,* 49 Colo. 508, 13 Pac. 524; *Norman v. McCarthy,* 56 Colo. 290, 138 Pac. 28; and *Sayre v. Leonard,* 57 Colo. 116, 140 Pac. 196, we have assumed, and proceeded upon that assumption in disposing of such cases, that the burden is on the defendant. In the Welles Case we said that no issue is tendered by a general denial by defendant of consideration. The facts which are claimed to show absence of consideration we stated must be affirmatively pleaded by the defendant as matter of defense. Section 28 says expressly that absence or failure thereof is matter of defense. The Welles opinion also says the defendant by pleading this defense admits execution, and this implies a valuable consideration.

In *Harponola Co. v. Wilson,* 96 Vt. 427, 120 Atl. 895, the Supreme Court of Vermont says: "It seems clear that under the Negotiable Instruments Act the burden is cast upon the defendant, not only of introducing some evidence of lack or failure of consideration, but of ultimately establishing the issue by a preponderance of evidence. Williston on Con. § 108; Brannon on Neg. Ints. Law, 91-98, where the cases are reviewed."

In 2 Joyce on Defenses to Commercial Paper (2nd Ed.) at sections 1024 and 1028 (sections 24 and 28), many cases are collected, to which we refer for a full discussion of burden of proof under these sections. It will be seen that the decided weight of authority supports our conclusion. Among the courts so holding are those of Pennsylvania, Vermont, Missouri, Iowa, California, Washington, Dela-

ware, Louisiana, Minnesota, Illinois, New York, North Carolina, Montana and Utah. See also, in this connection, Williston on Contracts (1921 Ed.) pages 21-29, and notes.

3. The trial court was also in error in instructing the jury that the burden of proof was on the plaintiff to prove delivery. It is not quite clear, from the language employed, whether this charge was directed to the general denial of delivery contained in the first defense, or to the second affirmative defense of a conditional delivery. These are different defenses. One denies any delivery at all, the other admits a manual delivery but says it was conditional. As the record shows that the defendants' evidence on the question of delivery bears chiefly, if not entirely, on the alleged conditional delivery, we think the court intended by this instruction to put the burden on the plaintiff to show that the delivery was not conditional. This was error. This court has uniformly held that payment is an affirmative defense, with the burden resting on the defendant. We are not cited to any authority, and have found none, to support this instruction. The fact that the delivery was conditional, when pleaded by a defendant as an affirmative defense, must be established by the party who asserts it. In *Sayre v. Leonard, supra,* this court assumed that such a defense must be proved by the defendant. The same reason for imposing the burden of proof on defendant under his plea of payment, or no consideration, equally applies where the plea is conditional delivery. Section 16 of the Negotiable Instrument Law (C. L. 1921, § 3833) says that where the instrument is no longer in the possession of the party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved. This necessarily means that the proof must be by him who so pleads the conditional delivery, and not that the contrary is to be established by the one against whom it is asserted. We so held in *Hall v. Farmers Bank, supra,* as to various affirmative pleas, including that of no consideration. We think the same rule applies to the affirmative plea of conditional delivery.

4. Upon this issue of conditional delivery there was much conflicting evidence. There have been two trials of the action, the verdict in each being for the defendants. The trial court set aside the first verdict. A different judge presided at the second trial, and he overruled plaintiff's motion for a new trial. We shall not attempt to analyze the evidence with a view to passing upon its legal sufficiency to sustain the verdict, for under our general rule the verdict of a jury that has been approved by the trial court will not ordinarily be set aside, except for reasons which do not fully obtain in this case, and which we do not pause to specify. We are constrained, however, to say that there are admitted facts and some strange circumstances detailed by Hager, one of the defendants, and who was their principal witness, which make his story seem improbable or inconsistent. Briefly stated, this defense was that the notes were delivered to plaintiff by Hager, for himself and the other two signers, on the condition that two persons other than these three would thereafter sign them, which they refused to do. Hager first testified that by fraud and trickery the plaintiff's president, Hickman, got from him possession of these notes with the three signatures affixed thereto, and that in giving such possession it was not Hager's intention, for himself and his co-makers, to make a valid delivery thereof, passing property in the instruments. Afterwards Hager requested Hickman to give him the notes, apparently so he could get other signatures thereto. Hickman refused to let Hager have them unless he would promise to return them, which he agreed to do, and as evidencing the same signed the following paper:

"Fort Collins 2/22 1921.

Received of L. S. Hickman Five notes, 4 for $1000.00 each and one for $1286.46 all dated Feb. 21, 1921, and signed by G. S. Hager, Richard Drager, J. A. Fraker, which will be turned over to H. H. Lowe to be delivered to Hickman Lunbeck Gro. Co.

G. S. Hager."

.  Whether this action is based on the notes alone or on the notes in connection with this written instrument, so far as it affects delivery, we think the court erred in permitting Hager to give testimony which contradicted and varied the terms of this writing.  He admitted that he signed it, and the only reflection that he casts upon it is that he did not read it carefully or at all.  There is no evidence, however, that it did not express his intention at that time, nor is there any sufficient showing that any fraud was practiced upon him in getting his signature to it.  A mere receipt of course is open to explanation.  10 R. C. L. pp. 1025, 1026.  If a writing is introduced in evidence as an admission, and not as a part of the contract between the parties, it is permissible for the person who wrote it to explain what he meant by it.  But where the same writing includes a receipt and also a contract, the receipt element may be explained by parol, but the general rule is that the contract feature may not, in the absence of fraud, be contradicted or varied by parol testimony.  *Gibbons v. Gibbons C. M. & M. Co.*, 37 Colo. 96-106, 86 Pac. 94, 11 Ann. Cas. 323.  This writing, in a legal sense, contains a promise by Hager, upon a sufficient consideration, and Hager was acting for himself and his co-makers, that if Hickman, the plaintiff's president, would let him have these three notes for the special purpose, he would, when that purpose was accomplished, turn them over to one Lowe to be delivered back to the plaintiff.  This writing not only tends to establish a prior unconditional delivery to the plaintiff, but if not so, in effect it tends to prove a ratification or recognition of a previous unconditional delivery.  Permitting Hager to testify, after he admitted his signature to the writing, that his promise was other than or different from that contained in the writing, was clearly erroneous, because it was an attempt by oral evidence to contradict the plain and unambiguous terms of a written promise which the party admits that he signed, and offers no excuse or reason why he should not be held to its terms.  *Bromley v. Ferguson,* 70 Colo. 398, 202 Pac. 706.

The judgment is therefore reversed and the cause remanded, with instructions to the trial court that in the event of a new trial it must be not inconsistent with the foregoing views.