## No. 12,031.

### SHEARER *v.* SHEARER.

Decided June 18, 1928.

Messrs. McGARRY & SHOUP, for plaintiff in error.

Mr. J. E. LITTLE, Mr. CARROLL WALKER, for defendant in error.

*Department Two.*

Mr. Justice Campbell delivered the opinion of the court.

Plaintiff Shearer had a money judgment against Mrs. Shearer, his divorced wife. She brings error. The complaint avers that in December, 1924 (which was before the wife was granted a divorce from him), plaintiff lent to the defendant at her request $4,683.34, no part of which has been paid. The answer denies that plaintiff at any time lent any sum of money to the defendant at her request, or at the request of any one for her. The plaintiff testified that when he and his wife were living together at Waterville, Kansas, he lent to her $4,683.34 in December, 1924, and she then gave to him as evidence of the loan, which she has not paid, a certain writing which, on plaintiff's offer, the court admitted in evidence, as Exhibit A, reading:

"Plf. Ex. A.

"Waterville, Kans., Dec. 31, 1924.

"G. W. Shearer, Waterville, Kans.: I owe you $4683.34, money advanced on 'Shearer Cottage Camp' Colorado Springs, Colo.

Mrs. Rena Shearer."

Defendant testified that plaintiff never at any time lent to her, and she never borrowed of him, any sum of money; whereupon her counsel handed to her Exhibit A, and asked her to explain the same. She started to do so with the statement that this exhibit was to be used as a sort of will in case of her death, when plaintiff's counsel interposed an objection to the witness' explanation on the ground that the evidence sought is incompetent, irrelevant and immaterial—which, under our decisions, is no objection at all—and an attempt to vary the terms of the written instrument that she signed. The court, evidently upon the alleged ground of variance, sustained the objection, to which the defendant excepted and there-

upon, on plaintiff's motion, instructed the jury to disregard the answer of the witness. Defendant's counsel then asked defendant if she ever borrowed from the plaintiff, or plaintiff ever lent her, the money described in Exhibit A, to which the court sustained plaintiff's objection on the ground that it was an attempt to vary the writing. Other questions of a similar nature were propounded to the defendant, which were calculated to disclose the circumstances surrounding the signing of the writing. One of the objections, and the ruling of the court thereon, bring out clearly the theory on which the court directed a verdict for the plaintiff. Defendant's counsel asked his client what occurred between her and her husband at the time she signed this writing and why she signed it. The court at first overruled plaintiff's objection to the question but, on further argument and reconsideration, sustained it and directed the jury to disregard the defendant's incomplete answer thereto which was, that the defendant fixed up this writing to suit himself and she signed it so that in case of her death he could have the amount specified allowed against her property. After the defendant was thus prevented from showing the facts and circumstances, and for what purpose the writing in question was signed, her counsel made the following offer of proof: That after the plaintiff and defendant were married, and when they had no money or property of any considerable value, the defendant received the sum of $1,000 from her mother, which was invested in a home for herself and husband and they owned it jointly. For a period of fourteen years they lived at Waterville, Kansas, during which time the defendant worked in plaintiff's office under an agreement that all moneys they accumulated during their marriage were to be their joint property, and that this particular sum of $4,683.34 described in Exhibit A was a part of their joint accumulations and part of her share thereof; that during the year 1924 they agreed to sell and dispose of their property and divide the same and in

pursuance of such agreement the plaintiff stated to the defendant that he wanted her to sign this Exhibit A as a part of the agreement, the same to become effective only on her death so that he, in that event, might be able to sell and dispose of the Colorado Springs property which they owned, and that he might have a claim, to the extent of the amount included in this exhibit, against her estate, in the event she predeceased him, and that thereupon the defendant signed Exhibit A. The court refused the offer. Thereafter defendant was called to the witness stand and the court would not permit her to testify whether she owed the plaintiff any part of the sum included in Exhibit A, and sustained plaintiff's objection to the offered testimony on the ground that it was an attempt to change the terms of the writing. The court refused to allow defendant to testify as to any conversations which she had with her husband concerning this exhibit.

Their daughter was called by the defendant and testified that she was present at Waterville, Kansas, during conversations between her father and mother concerning the exhibit, but the court refused to allow her to relate them. Defendant then unsuccessfully offered to prove by the daughter that the latter was present at a conversation between her father and mother at Waterville, Kansas, when this exhibit was signed and heard her father tell her mother that he wanted her to sign this exhibit, to become effective only upon her death, and so that it would be easier for him to dispose of his Colorado Springs property and he would have that much of a claim against his wife's estate.

We think the judgment cannot stand. The parties themselves are in accord that where money is advanced by A to B, and a writing is signed by B agreeing to repay it, A, at his pleasure, may sue B on the original promise, and use the writing as evidence thereof; or he may sue on the writing itself. See *Jacobs v. Monahan,* 76 Colo. 70, 72, 230 Pac. 596. Plaintiff concedes that

the cause of action in his complaint is based upon the alleged original promise of the defendant to repay him the money that he advanced, and that Exhibit A was offered as tending to prove the advancement, and as an admission of the receipt of the money lent.

Defendant in her answer denied that plaintiff lent, or that she borrowed of him, any money. This denial made it necessary for plaintiff to introduce evidence that he made the loan. He said he made it and then produced Exhibit A as above stated. The defendant, having testified that plaintiff never lent money to her, offered competent oral testimony, if such evidence is admissible, that Exhibit A, so signed by her at plaintiff's request, was not intended to be, and was not, a promise to pay the amount advanced, but that, in pursuance of a plan or understanding of the parties themselves, it was not to be paid to plaintiff during the defendant's lifetime, and in no event until after her death, and the exhibit was so signed, in order that plaintiff, in case of defendant's death, might collect it of her estate.

If the action had been brought upon Exhibit A, and if, in legal effect, it is a negotiable instrument, then another question would be presented as to which we are not called upon for an opinion. The action, however, is confessedly based upon an original promise to repay money which plaintiff advanced to defendant, and which she promised to repay. We think the fact, if it be a fact, that the defendant signed Exhibit A as a result of an agreement between her and her husband that she was not to repay it during her lifetime, but that it was to be payable, if at all, after her death and out of her estate, does not preclude her in this action from producing oral testimony to that effect. The general rule, of course, is that when any contract or agreement has been reduced to writing, its contents cannot be contradicted, altered, added to, or varied by parol or extrinsic evidence. But there are exceptions to this general rule. As to bills and notes, the general rule is strictly enforced, yet it

may be shown, as between the parties or others having notice, that a promissory note never, in fact, came into force as a binding obligation because it was not delivered. That question is irrelevant to the issues here involved. Exhibit A is not a promissory note. Under our negotiable instrument law an instrument to be negotiable must, among other things, contain an unconditional promise to pay a certain sum of money. There is no promise in Exhibit A by the signer of the instrument to pay any sum to any person. At most it is an acknowledgment of an existing debt, or of the receipt of money, with no promise to pay or repay it. Under the general denial in the answer the defendant was privileged to produce any testimony whose tendency was to negative the making or existence of a loan. *Payne v. Williams,* 62 Colo. 86, 90, 160 Pac. 196. If this instrument was signed by her, as she offered to prove, for the purpose above recited, evidence thereof would have a tendency to negative the allegation of the complaint that the plaintiff lent her money. As between the parties, according to the defendant's claim and as she offered to prove, not only was Exhibit A not a promise to pay or repay money, but it does not, on its face, purport to embody or express the real and complete contract between the parties.

Plaintiff did not, as we have seen, base his action upon this exhibit as a promise to pay, doubtless because his counsel realized it contained no promise, but the writing was introduced by him as an admission of defendant, whose tendency is to corroborate his own testimony, that plaintiff made the loan, and not that it is a part of the contract itself. Such being true we think it is permissible for the defendant, who signed it, to explain what was meant by it. The exhibit, being an acknowledgment by the defendant of the receipt of money from the plaintiff, it may be explained by parol. If Exhibit A set forth a complete contract, and is an unconditional promise to pay to the plaintiff a certain amount of money, and the

action had been brought upon the same as a promise, defendant would not be allowed, in the absence of fraud or its equivalent, to contradict or vary the same by parol testimony. But since, as we have said, Exhibit A was introduced by the plaintiff as, and in legal effect it is, nothing more than an admission upon the part of the defendant of the receipt of money, with no written promise to repay it, the court should have permitted the defendant in this case to explain what she meant by it and why she signed it. *Grocery Co. v. Hager,* 75 Colo. 554, 563, 227 Pac. 829; *De St. Aubin v. Marshall Field & Co.,* 27 Colo. 414, 419, 62 Pac. 199; *Brewer v. McCain,* 21 Colo. 382, 387, 41 Pac. 822.

The judgment is therefore reversed, and the cause remanded, further proceedings, if any, to be consistent with the opinion.

Mr. Chief Justice Denison, Mr. Justice Adams and Mr. Justice Butler concur.