No. 15,075.

BOHEN, ASSESSOR *v.* BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF LAKE ET AL.
(124 P. [2d] 606)

Decided April 6, 1942.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-
RENCE HINKLEY, Deputy, Mr. GEORGE K. THOMAS, Assist-

ant, Mr. DUKE W. DUNBAR, Assistant, for plaintiff in error.

Mr. CHARLES R. CASEY, Mr. HAROLD A. GRANT, Mr. WALTER E. SCHWED, Mr. A. J. LAING, Mr. DARWIN D. COIT, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as the assessor or Bohen, the county commissioners, and the Climax company, respectively; the State Board of Equalization is referred to as the Board of Equalization, and the Colorado Tax Commission as the Tax Commission.

This was an action in mandamus brought by the county commissioners against the assessor to compel a reduction in the valuation for taxation of the property of the Climax Company. The plaintiffs below had judgment to reverse which the assessor prosecutes this writ. Briefly stated the assignments aver that the judgment is unsupported in law.

The writ was issued November 25, 1941, and the specification of the points, transcript, and bill of exceptions were filed two days later. By agreement of counsel it was ordered that memorandum briefs be filed on or before December 2, and the cause orally argued on that date. It was further stipulated that the right to file petition for rehearing would be waived by all parties. The cause was so argued and by a simple order entered December 5, following, the judgment was affirmed, with the reservation that opinion would follow in due time. This expedition was necessitated to enable the tax officials to discharge their duties within the time prescribed by statute. The order of affirmance was immediately followed by remittitur, and since this disposed of the litigation and there was no indication that the opinion

was otherwise of immediate moment, we have permitted it to await its turn in the usual course of our proceeding.

Since exact figures are immaterial we use round numbers. Bohen assessed the Climax Company's property in August at ten million dollars. September 11, the county commissioners, sitting as a board of equalization, reduced this to seven million dollars and ordered him to correct his assessment accordingly. He had already sent his abstract to the Tax Commission hence made the correction and reported the order to it. It refused to recognize the reduction and so reported to the Board of Equalization. The later notified Bohen that it approved the position of the Tax Commission whereupon the assessor restored his original valuation and, it is alleged, was about to certify to the county treasurer accordingly. The prayer was that Bohen correct his assessment to conform to the order of the county commissioners. The assessor moved to dismiss for want of facts, and answered by pleading his lack of authority and the court's lack of jurisdiction. By stipulation the trial proceeded on the merits without waiver of the motion to dismiss. Evidence was taken, the parties rested, the motion was denied, and a judgment was entered for the plaintiff and intervener in conformity to a general finding in their favor. An allegation of fraud was expressly disregarded by the trial court and by counsel here. It thus appears the question presented is, Can the Tax Commission or the Board of Equalization, under the facts here, make an original assessment of the property of an individual taxpayer or order the assessor to do so, or is the sole authority in such case vested in the assessor, subject only, in absence of fraud or similar invalidity, to review by the county commissioners sitting as a board of equalization? Incidentally also the capacity of plaintiffs to sue, the propriety of mandamus as a remedy, and the availability of that remedy to the Climax Company are discussed.

The Tax Commission claims to have acted under section 175, chapter 142, '35 C.S.A. That section does

not support it and such of its language as seems to do so is directly negatived by the limitation on its remedial action to a per cent increase or decrease "in the valuation in such county." We have held that the Tax Commission is so limited, and that as to classes of property and omissions from the rolls its authority ends when the county board acts. *First Nat. Bank v. Patterson,* 65 Colo. 166, 174, 176 Pac. 498; *People ex rel. v. Pitcher,* 56 Colo. 343, 138 Pac. 509.

If the Board of Equalization is authorized to make original assessments, or order the raising or lowering thereof, or direct the assessor to do so, it must be by virtue of some provision of section 177, chapter 142, '35 C.S.A. However, such authority is not therein specifically conferred and we have held that it does not exist. *Board of Commissioners v. Union Pac. R. R. Co.,* 89 Colo. 110, 299 Pac. 1055; *In Re Questions of the Governor,* 55 Colo. 17, 123 Pac. 660; *Union Pac. R. R. Co. v. Commissioners,* 35 F. (2d) 785, 790.

The assessor relies upon *People ex rel. v. Pitcher,* 61 Colo. 149, 156 Pac. 812. Certain expressions therein would seem, at first glance, to support him. However, upon critical examination that interpretation appears unjustified. *Board of Commissioners v. Union Pac. R. R. Co., supra; Union Pac. R. R. Co. v. Commissioners, supra.*

Want of legal capacity to sue must be raised by special plea. Rule 9 C (a) (1), R.P.C. Colo.; *Bromley v. Ferguson,* 70 Colo. 398, 202 Pac. 706.

Where the assessor proposes to exercise discretion where he has none he may be enjoined. It follows that when he refuses to perform a purely ministerial function, which the law imposes, performance may be enforced by mandamus. *Denver v. Pitcher,* 54 Colo. 203, 129 Pac. 1015; Cooley on Taxation (3d ed.) vol. 2, p. 1356; Rule 106 (a) (2), R.C.P. Colo.

It is said the Climax Company is not a proper party here because relegated to another remedy. A suf-

ficient answer is, that action would lie, the same judgment result, and the same benefit inure to the Climax Company had it not intervened.

The judgment is affirmed.