No. 16,056.

Trustee Company *v.* Bresnahan et al.

(203 P. [2d] 499)

Decided February 7, 1949.

Messrs. Strickland, Strickland & Tull, for plaintiff in error.

Messrs. CREAMER & CREAMER, for defendants in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

TRUSTEE Company, a Colorado corporation, brought an action in the district court against C. A. Bresnahan and Mary Bresnahan to recover judgment on an assigned account. Upon trial defendants' motion to dismiss was granted and judgment entered accordingly, to review which, plaintiff has sued out a writ of error.

We shall refer to the parties as they appeared in the trial court.

Counsel present the cause here upon an agreed statement under the provisions of Rule 112 (e) R.C.P. Colo., which statement is as follows:

"Plaintiff brought suit in the District Court alleging that its assignor, a licensed architect, rendered architectural services to the Defendants; that the value of such services was $692.57 and that of this sum only $100.00 was paid, leaving a balance of $592.57 and interest unpaid and owing. The Defendants in their answer admitted the Plaintiff's assignor was a duly licensed architect, that he performed certain architectural services for the Defendants but denied all the other allegations made by the Plaintiff.

"For further defense, Defendants set up the Statute of Limitations; and still further that in consideration of the payment of the balance due on the architect's fee, Plaintiff's assignor signed and delivered a lien waiver to the Defendants.

"Upon trial, Plaintiff's assignor admitted the signing and delivery to the Defendants of the following instrument:

"Lien Waiver

"$500.00                    Denver, Colo., April 11, 1941

"Received of M. A. Bresnahan the sum of Five Hun-

dred and_____Dollars, being payment in full of all demands for architect's fee in connection with the construction of the improvements_____upon Lot 1, 2, 3 & N ½ of 4, Block #1_____Addition to the City and County of Denver, No. 1140 Pontiac St., and in consideration of the aforesaid payment I do by these presents, waive, relinquish and absolutely release forever, all right to claim a mechanic's lien against the above described property which might accrue under the laws of the State of Colorado by virtue of the aforesaid work done or material furnished to_____19_____.

"In execution of this instrument I hereby testify that I am under no constraint, and that the same has been signed by me of my own free will and accord.

"Witness:                   (s) Henry A. Koch,
"Architect.

"Plaintiff sought to introduce parol evidence to show (1) that the sum of $500.00, as recited in the Lien Waiver, was not actually paid, (2) that the sum of $500.00 did not represent the agreed fee for architectural services, and (3) that Plaintiff's assignor signed the lien waiver solely for the purpose of releasing his mechanic's lien on the premises in order to enable Defendants to obtain a loan secured by a mortgage or deed of trust on the premises. The Defendants objected to the introduction of this evidence on the ground that it was parol evidence tending to alter, modify or explain the terms of a written instrument.

"The trial court sustained this objection and immediately granted Defendants' motion for a dismissal and entered judgment accordingly. The sole point to be relied upon on appeal is the trial court's error in sustaining Defendants' objection to the introduction of this parol evidence.

"Approved:
"Henry S. Lindsley,
"Judge.

"Approved:
Strickland, Strickland & Tull
by J. R. Strickland
  Attorney for Plaintiff.
Creamer & Creamer
By N. H. Creamer
  Attorney for Defendants."

It should be borne in mind that this is an action to recover a balance allegedly due for architectural fees and not for the foreclosure of a mechanic's lien. Analyzed, the "lien waiver" relates to two wholly disconnected and unrelated matters and was executed for two distinct and separate purposes. It is in and of itself: 1. A complete receipt for services rendered by plaintiff's assignor to defendants for architectural services in the construction of improvements on their property, and, 2. It is a contract or agreement by which plaintiff's assignor waives, relinquishes and releases his statutory right to a mechanic's lien upon defendants' property to the extent of any indebtedness then existing between them. If the recitations in the receipt part of the "lien waiver" correctly stated the facts, there was no right to a mechanic's lien under the statute then existing because an indebtedness is a prerequisite to any mechanic's lien, and none such existed. Section 23, chapter 101, '35 C.S.A. If the receipt part of the "lien waiver" correctly recited the consideration and the purposes for which it was given, it discharged all indebtedness due plaintiff's assignor in connection with the construction of the improvements on defendants' premises and, consequently, effectively destroyed any right of plaintiff's assignor to a mechanic's lien. Under these circumstances the waiver, relinquishment and release of the statutory right to a mechanic's lien was mere surplusage. The "lien waiver" as a receipt might be contradicted, varied and explained by parol evidence for it is well-settled law that a receipt does not import incontrovertible verity. *Fechheimer v. Trounstine*, 15 Colo.

386, 24 Pac. 882; *Wolff v. Chapman,* 7 Colo. App. 179, 42 Pac. 1018; *Union Pacific, Denver & Gulf Ry. Co. v. McCarty,* 3 Colo. App. 530, 34 Pac. 767; *Schlessinger v. Schlessinger,* 39 Colo. 44, 88 Pac. 970. It follows that if the receipt correctly stated the financial status of the parties, the waiver, relinquishment and release of all rights accorded plaintiff's assignor under section 23, supra, added nothing whatever to the "lien waiver" because after payment in full for all services rendered by plaintiff's assignor there was nothing remaining to waive, relinquish, extinguish or release. A waiver may be said to be an act of waiving or not insisting upon some claim, right or privilege belonging to the person who executes the same, while a release is a remission or giving up or surrendering of some vested right or claim by one entitled thereto. A release, therefore, results in the total extinguishment of a pre-existing claim or right or lien or obligation. The receipt here being correct, then there remained nothing to waive, relinquish or release, and, consequently, for the purposes here, there was nothing before the court but a receipt.

The "lien waiver" involved in the present proceeding embodies, as we have said, both a receipt and a waiver or release of mechanic's lien rights. No attempt is here disclosed to foreclose the mechanic's lien. The payments by defendants to plaintiff's assignors for all services actually rendered by the latter would have precluded the successful filing of any lien, and, conversely, without the payment, either in part or entire, for services rendered by plaintiff's assignor, a release of mechanic's lien rights could be effectually accomplished when a valid consideration existed therefor.

Assuming that the "lien waiver" included both a receipt and a contract for the waiver, relinquishment and release of a lien right, nevertheless the receipt may be contradicted, varied and explained by parol evidence, and as between the parties thereto parol evidence is admissible to negate the receipt of the cash considera-

tion recited therein. *Gibbons v. The Joseph Gibbons Consolidated M. & M. Co.,* 37 Colo. 96, 86 Pac. 94; *Hickman-Lunbeck Grocery Co. v. Hager,* 75 Colo. 554, 227 Pac. 829; *Shearer v. Shearer,* 84 Colo. 234, 269 Pac. 19; *Fechheimer v. Trounstine, supra.*

In *Fechheimer v. Trounstine, supra,* parol evidence was permitted to vary, explain and contradict the following: "For and in consideration of the sum of one dollar to us in hand paid by Marcus & L. S. Fechheimer & Co. * * * receipt whereof is hereby confessed and acknowledged, we do hereby sell, assign, transfer and set over to the said firms above named all our right, title and interest in our claims against the firm of A. Jacobs & Co. upon which suit has been brought in the Superior Court of the City of Denver in the State of Colorado and all our right title and interest in the judgments therein.

(Signed)

"Molly E. Trounstine (Seal).

"William Trounstine (Seal)."

In reviewing that case we said: "The question raised may be stated as follows: Is the recital of consideration, and its receipt in a written assignment, conclusive upon the parties, or is the amount of the consideration and its payment open to parol proof notwithstanding such recitals?" It was determined that parol evidence was admissible and that no error was committed in admitting it. As we construe the assignment in the instant case, it is a receipt for a certain definite sum, and, in addition thereto, an assignment of a definite asset.

In *Hickman-Lunbeck Grocery Co. v. Hager, supra,* our court had occasion to construe a receipt and contract, and in the opinion it is stated: "If a writing is introduced in evidence as an admission, and not as a part of the contract between the parties, it is permissible for the person who wrote it to explain what he meant by it. *But where the same writing includes a receipt and also a contract, the receipt element may be ex-*

*plained by parol,* but the general rule is that the contract feature may not, in the absence of fraud, be contradicted or varied by parol testimony. *Gibbons v. Gibbons C. M. & M. Co.,* 37 Colo. 96-106, 86 Pac. 94, 11 Ann. Cas. 323." (Italics ours.)

There is another consideration which fortifies us in our conclusion here. Under Rule 7 (a), R.C.P. Colo., the only pleadings available to the parties were a complaint and answer, unless the trial court should order a reply, and none such was ordered. It was necessary for defendants to set forth the "lien waiver" if they desired to rely thereon (Rule 8 C (c), R.C.P.), and this affirmative defense is deemed denied (Rule 8 C (d), R.C.P.). Plaintiff may desire to introduce evidence that a fraud was perpetrated in obtaining the receipt and "lien waiver," and, if so, the general rule is that parol evidence to establish fraud between the parties to the instrument is admissible as an exception to the general rule against the admission of parol evidence to vary a written contract. *Hall v. Linn,* 8 Colo. 264, 5 Pac. 641; *Rollins v. Board of Commissioners,* 15 Colo. 103, 25 Pac. 319; *Johnson v. Cummings,* 12 Colo. App. 17, 55 Pac. 269.

Under our decisions the trial court erred in sustaining defendants' objection to the introduction of parol evidence and entering the judgment of dismissal.

Accordingly the judgment is reversed.