Honorable Richard D. Lamm Governor State of Colorado State Capitol Denver, Colorado 80203
Dear Governor Lamm:
QUESTION PRESENTED AND CONCLUSION
You have requested my opinion as to whether the State Board of Equalization has the power of original assessment for the purpose of equalizing valuations within a class of property within a county.
My conclusion is "no."
ANALYSIS
The Colorado Constitution in article X, § 15, expressly prohibits the State Board of Equalization from making original assessments:
 provided, however, that said state board of equalization shall have no power of original assessment.
(Emphasis added.)
The statute establishing the duties of the Board omit any mention of original assessment of individual property. The statute rather refers to adjusting the valuations for various classes and subclasses of property. C.R.S. 1973, 39-9-103.
The case law in Colorado also is clear on this question. In the following cases, the courts have consistently held that the State Board of Equalization has no power of original assessment:Union Pacific R.R. v. Commissioner, 35 F.2d 785
(10th Cir. 1929); Commissioner v. Union PacificR.R., 89 Colo. 110 (1931); MacGinnis v.Denver Land Company, 90 Colo. 72 (1931); Bohen v.Commissioner, 109 Colo. 283 (1942); Bartlett and Co. v.Commissioner, 152 Colo. 388 (1963), all modifyingPeople ex rel. State Board of Equalization v.Pitcher, 56 Colo. 343 (1914).
The cases raised by Mr. Edwin McMartin, attorney for the Pueblo County Treasurer, support this view, or relate to the Tax Commission's authority under old statutes.
In re Question by the Governor, 55 Colo. 17 (1912), the court specifically held that the legislature had taken the power of original assessment from the Board and vested it with the Tax Commission. The 1914 amendment to the Colorado Constitution confirmed this by adding this phrase to article X, section 15: "provided, however, that said state board of equalization shall have no power of original assessment."
It is also interesting to note that the successor of the Tax Commission, the Board of Assessment Appeals, only has the power to adjust valuations for classes or sub-classes of property, C.R.S. 1973, 39-2-123, et seq.
The other cases offered by Mr. McMartin focus on the old Tax Commission or County Boards of Equalization.
SUMMARY
Therefore it is my opinion that the State Board of Equalization does not have the power of original assessment so as to remedy inequities within a class or subclass in a given county.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE
C.R.S. 1973, 39-9-103
Colo. Const. art. X, § 15
GOVERNOR, OFFICE OF Bd. of Equalization AFFAIRS, LOCAL, DEPT. OF Assessment Appeals Bd.
State Board of Equalization does not have the power of original assessment so as to remedy inequities within a class or subclass in a given county.